In the Matter of the ESTATE of Glenn Dean BOUSE, Deceased.

No. 51016.

Court of Appeals of Oklahoma, Division No. 1.

March 28, 1978.

Released for Publication by Order of Court of Appeals June 22, 1978.

O. A. Cargill, Jr., Conner, Little & Conner by Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Oklahoma City, for appellant.

Linn, Helms, Kirk & Burkett by James P. Linn, James A. Kirk, Charles B. Lord, Oklahoma City, for appellees.

ROMANG, Judge.

A curious procedural history lead to the District Court's decision that Appellant Darla Newton Bouse was not the common

law wife of the deceased but was merely Darla Newton.

On Glenn Bouse's death Ruth A. Bouse (his mother and named executrix) filed his will for probate and sought the appointment of the Fidelity Bank, N.A., as Co-Administrator. The appointment was made and the matter admitted to probate.

The Appellant filed a motion objecting to the appointment of the Executrix and Co-Administrator, an application for a widow's allowance, and a motion objecting to the sale of personal property. The Executrix and Co-Administrator answered denying the Appellant's alleged common law marriage with the deceased and affirmatively seeking an order adjudging the Appellant to be without interest in the estate.

At a hearing on April 21, 1977, on the motion to vacate the order appointing the Executrix and Co-Administrator, the District Court ruled that the Appellant "must prove that she has an interest in the estate of Glenn Bouse before she can rightfully be heard on her motion." On this ruling the Appellant dismissed her motion. The Court then proceeded to hear the motion of the Executrix and Co-Administrator "for Judgment Adjudging that [the Appellant] . . Has no Interest in the Estate of Glenn Dean Bouse." To determine Appellant's interest the Court took evidence on the Appellant's claim as a common law wife of the deceased and held that she was not.

Appellant challenges this decision on the ground the Court had no authority to make such a determination in the procedural setting here involved, that the Court erroneously excluded Appellant's testimony concerning her conversations with the deceased under 12 O.S. 1971, § 384 (The Dead Man's Statute), and that the Court's decision is not supported by competent evidence. Appellant additionally argues that the appointment of the Executrix and Co-Administrator is void and that a Co-Administrator cannot be appointed. These latter two issues were not presented to the District Court (indeed were withdrawn) and cannot be urged on appeal.

■ The Appellant has not properly presented the Dead Man's Statute issue on appeal. Rule 15 of the Rules of the Supreme Court provides, in pertinent part, "[w]here a party complains of the . . . rejection of testimony, he shall set out in his brief the testimony . . . [the] rejection of which he complains, stating specifically his objections thereto." Appellant nowhere sets out the testimony that she alleges was improperly excluded.

The heart of the appeal is whether the District Court had authority to determine Appellant's relationship with the deceased and, if so, whether the Court's decision was supported by competent evidence.

Appellants claim it was a proceeding to determine heirship under 84 O.S. 1971, § 251 and as such was in violation of 84 O.S. 1971, § 252. Appellees contend it was a ruling on their request to determine whether Appellant had standing to contest the probate proceedings. This would be a mere contest of words were it not for the fact that Appellant had sought to challenge various aspects of the probate proceedings and, although no longer claiming the widow's allowance or seeking to vacate Appellees' appointments, had a pending motion challenging Appellees' petitions for approval to sell personal and perishable personal property. Additionally, in response to Appellant's motions the Appellees had sought affirmative relief adjudging Appellant to have no interest.

Appellees suggest that the statutory basis for the hearing was 58 O.S. 1971, § 61 which establishes the grounds for contesting a will after probate. But a mere reading of the statute discloses that the "interested person" must file a sworn petition (which was not done) alleging "that evidence discovered since the probate of the will . . . shows: 1. [a later will or revocation]; or, 2. [a jurisdictional defect]; or, 3. [lack of competence or free decision by the testator]; or, 4. [the will was improperly executed]." None of this is alleged or done.

■ Appellant was omitted from the will. If she was the decedent's wife, she had a statutory right to elect to take

against the will her intestate share. 84 O.S. 1971, §§ 44 and 213. Furthermore, it clearly appears that Appellant's status is relevant in determining any of the motions filed by her since without an interest she has no standing in the probate action.

■ It is clear that Appellant on at least three occasions sought to obstruct the probate action (one effort is apparently still pending, i. e. the objection to the sale of personal property). In filing her motions she submitted herself to the personal jurisdiction of the District Court. In *Duke v. Nelson*, 536 P.2d 412 (Okl.App.1975), this Court noted that the "purview of probate proceedings in Oklahoma will be the same in the District Court as they [are] . . . in the County Court unless changed by statute." Twelve O.S. 1974 Supp., § 1651 authorizes District Courts "in cases of actual controversy, [to] determine rights, status, or other legal relations . . . whether or not other relief is or could be claimed." In § 1652 it is provided that a "determination of rights, status, or other legal relations may be obtained by means of a pleading seeking that relief alone or as an incident to or part of . . . [an] other pleading seeking other relief, and, when a party seeks other relief, a court may grant declaratory relief where appropriate." Thus, a District Court may declare a status even when other relief is requested if declaratory relief is appropriate.

■ Declaratory relief is a matter of remedy and does not establish a new cause of action. The subject matter jurisdiction of a District Court in a probate matter is the same in substance as that of the County Court but there is no reason in principle, precedent or statute for not making the declaratory remedy available in a probate action where the court has personal jurisdiction where there is an actual controversy relating to the probate matter, and where the issue is appropriate under the statute for declaratory relief.

■ In this case, as we have noted, the Appellant subjected herself to the personal jurisdiction of the District Court by filing the motions indicated. There is clearly an actual controversy between the Executrix and Co-Administrator and the Appellant, and the controversy relates to Appellant's status or legal relation which will determine her interest, if any, in the estate. We hold the District Court had ample authority to consider Appellant's status as common law wife, or not, of the decedent.

■ Having so determined we have little difficulty affirming the District Court's factual conclusions. It is clear that to establish a common law marriage there must be

". . . [a]n actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract, consummated by their cohabitation as man and wife, or their mutual assumption openly of marital duties and obligations."

*Bothwell v. Way*, 44 Okl. 555, 145 P. 350 (1914) and *Daniels v. Mohon*, 350 P.2d 932 (Okl.1960). In cases of a conflict in testimony "the judgment of the trial court upon such facts will be given the effect of a verdict of a jury . . . and, if reasonably supported by the evidence, will not be disturbed in this court." *Vann v. Vann*, 186 Okl. 42, 96 P.2d 76 (1939). And in equity, as here, the fact finders conclusions should be sustained unless they are against the weight of the evidence.

The evidence in this case was conflicting. We believe it serves no purpose to detail the conflicting evidence adduced by both sides. It is sufficient to note that factual contentions were carefully weighed and the conclusion is inescapable that the trial court had ample evidence to support its view. It is particularly important to take care in reviewing findings of facts when numerous credibility issues were presented and where subjective matters of the intentions of the Appellant and the deceased are paramount. Our vantage point is distant from the actual testimony and our record is notoriously cold. Appellate review of facts is, and must be, limited. A greater role would weaken the judiciary's ability to seek the truth to which the law is applied.

We cannot say that the District Court's findings of fact are against the clear weight of the evidence and, therefore, we affirm its decision.

AFFIRMED.

REYNOLDS, J., concurring.

BOX, P. J., not participating.