Izolda GEORGIADES, Appellant,

v.

Nicola DI FERRANTE, Appellee.

No. C14–93–00129–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 10, 1994.

Rehearing Overruled March 10, 1994.

Rod E. Gorman, Ralph A. Keen, Houston, for appellant.

Chris P. Di Ferrante, David J. Sacks, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Izolda Georgiades appeals from a judgment granting Nicola Di Ferrante's request for a declaration that no common law or ceremonial marriage existed between the parties. That judgment also granted Di Ferrante's request for attorney's fees and issued a permanent injunction. Georgiades brings three points of error challenging the propriety of the trial court's declaratory judgment, award of attorney's fees, and issuance of the injunction. We affirm.

Izolda Georgiades, appellant, filed her original petition for divorce on February 6, 1992, which alleged the existence of a common law marriage between herself and appellee, Nicola Di Ferrante. Appellee filed an answer on March 4, 1992, which denied the existence of a common law marriage. His answer also contained an affirmative request for a declaratory judgment that no common law or ceremonial marriage existed, past or present, between the parties. TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 et seq. (Vernon 1986). He also requested the court to adjudicate the parties' respective rights to certain property, namely, a home which they cohabited.

On March 19, 1992, Di Ferrante filed an application for temporary injunctive relief. A full hearing was held to determine if either Georgiades or Di Ferrante was entitled to temporary relief. At that hearing, the court below determined that Georgiades failed to make a *prima facie* case of common law marriage and was thus not entitled to temporary relief. The court, however, granted Di Ferrante's request for a temporary injunction.

On August 21, 1992, Di Ferrante filed his Motion for Summary Judgment on the Issues of Common Law Marriage. He sought relief from the court that no marriage existed and to adjudicate respective rights to all property that was in both parties' possession. A hearing on this motion was set for September 14, 1992. On September 1, 1992, Georgiades nonsuited her divorce petition.

The summary judgment hearing was held on September 14 and 15. Georgiades did not appear on the 14th, but her counsel did make an appearance on the 15th. The court below granted summary judgment in favor of Di Ferrante. The court further granted Di Ferrante's request for attorney's fees and issued a permanent injunction relating to property jointly held by the parties. Georgiades appeals.

In her first point of error, Georgiades alleges that the trial court erred by granting Di Ferrante's request for declaratory judgment. She contends that her nonsuit was absolute and dismissed the case in its entirety.

■ A plaintiff has an absolute and unqualified right to take a nonsuit upon timely motion so long as the defendant has not made a claim for affirmative relief. *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990). A defensive pleading states an affirmative right to relief if it alleges that the defendant has a cause of action that is independent of the plaintiff's claim, and upon which he could recover benefits, compensation, or relief, even if the plaintiff abandons his own cause of action or fails to establish it. *Id.* at 570. A creative repleading "that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff" of the right to nonsuit. *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990).

■ Georgiades argues that Di Ferrante's request for affirmative relief was nothing more than a creative repleading of his general denial, and as such was not the proper subject of a declaratory judgment. Di Ferrante responds that his counterclaim for declaratory relief went far beyond the narrow issue presented in the petition for divorce, and constituted relief wholly independent of Georgiades' claims.

Whether or not the marital status of parties is suitable subject matter for declaratory relief is a case of first impression in Texas. Generally speaking, a suit for divorce seeks to dissolve the marital relationship, set support and visitation obligations, and apportion community and separate property interests. Di Ferrante, however, sought an interpretation of the relationship which would have had the effect of defining the obligations of these parties under that relationship for the foreseeable future. We find this comports with the rationale used by the Texas Supreme Court in the *BHP Petroleum* case. *Id.* at 842. Like the defendant in *BHP Petroleum*, Di Ferrante's request for affirmative relief went beyond Georgiades' original petition for dissolution of the marital relationship, and sought relief for claims Georgiades had asserted or could assert in the future.

Georgiades has cited this Court to several cases which stand for the general principle that a declaratory judgment action is not proper where the same questions raised in the counterclaim for declaratory relief are already pending before the court by virtue of the plaintiff's claim for relief. *Narisi v. Legend Diversified Investments*, 715 S.W.2d 49, 51–52 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594 (Tex. App.—Dallas 1988, writ denied); *Heritage Life Ins. Co., v. Heritage Group Holding*, 751 S.W.2d 229, 235 (Tex.App.—Dallas 1988, writ denied). We agree with these holdings, but note, however, that these rules must yield to the principle that declaratory relief is appropriate when the counterclaim has greater ramifications than the original suit. *BHP Petroleum*, 800 S.W.2d at 842.

In further support of our holding, we note that Texas' Declaratory Judgment Act ("Act") is based upon the Uniform Declaratory Judgments Act. TEX.CIV.PRAC. & REM. CODE ANN. § 37.001 et seq. (Vernon 1986). The Act's goal "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX.CIV.PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1986). The Act is to be liberally construed and administered. *Id.* Furthermore, courts should interpret and construe the Act so as to effectuate its general purpose which is to make uniform the law of those states which have enacted it and also to harmonize with federal laws regarding declaratory relief. TEX.CIV.PRAC. & REM. CODE ANN. § 37.002(c) (Vernon 1986). Thus, the case law of other states which have adopted the Uniform Declaratory Judgments Act, although not controlling on this Court, is persuasive authority.

We note that courts in several states have held that marital status is a proper subject for declaratory relief. *Neerenberg v. Neerenberg*, 36 Pa.D. & C.2d 771 (1965) (marital status proper subject for adjudication under Uniform Declaratory Judgments Act); *Matter of Bouse's Estate*, 583 P.2d 514 (Okla.Ct. App.1978) (woman who claimed to be a decedent's common-law wife could seek declaratory relief as to her status against the dece-

dent's estate); *Demorest v. DiPentima*, 118 Mich.App. 299, 324 N.W.2d 634 (1982) (male cohabitant entitled to know his marital status in order to determine his future conduct). Some federal courts have also held that marital status is appropriate subject matter for declaratory relief. *See, Smith v. Pension Plan of Bethlehem Steel Corp. and Subsidiary Companies*, 715 F.Supp. 715 (W.D.Pa. 1989) (action for declaratory judgment by a worker's cohabitant that she was the worker's wife at the time of his death found to be proper and not pre-empted by the Employee Retirement Income Security Act); *see also, Cairns v. Richardson*, 457 F.2d 1145 (10th Cir.1972); *Lee v. Hunt*, 431 F.Supp. 371 (W.D.La.1977).

■ In light of these decisions and that of the Texas Supreme Court in *BHP Petroleum*, we hold that the marital status of parties is a proper subject for declaratory relief, but only where an actual, justiciable controversy exists. Where marital status is clear, no declaratory judgment can be had. *See*, 26 C.J.S. *Declaratory Judgments* § 38.

■ Appellant argues that at the time judgment issued she could no longer assert a claim for common law marriage because her statute of limitations had run. Thus, Georgiades reasons, she could never again file suit for divorce based upon an allegation of common law marriage; hence, the declaratory judgment was unnecessary. The Family Code specifically provides that a claim for common law marriage must be brought within a year of the time the parties stop living together as husband and wife. TEX.FAM. CODE ANN. § 1.91(b) (Vernon 1993). If Georgiades' argument is correct, then no justiciable controversy existed because the marital status of the parties was clear: there was no marriage.

We disagree, however, with Georgiades' reconstruction of the time frame in which the statute of limitations ran. Georgiades alleged that the parties stopped living together on or about November 26, 1991. Thus, at the time Georgiades took her nonsuit, at the time the summary judgment hearing was held, and at the time the court entered its judgment, Georgiades was still within the limitations period. More importantly, because Georgiades' alleged the commencement and demise of the marriage occurred *on or about* certain dates, there was no way to determine with certainty when limitations might run. Courts have sustained variances between pleadings and proof in cases involving "on or about" allegations of up to four months. *See, Winfield v. Renfro*, 821 S.W.2d 640, 647 (Tex.App.—Houston [14th Dist.] 1991, writ den'd). Georgiades was free at any time, until perhaps early 1993, to clarify or change her allegations of the commencement or demise of the common law marriage. This would subject Di Ferrante to further litigation and uncertainty, and would have subjected all his property to the cloud created by the community property presumption. TEX.FAM.CODE ANN. § 5.02 (Vernon 1993). Moreover, the record shows that Georgiades and Di Ferrante were still cohabiting the residence at the time the nonsuit was granted. Thus, there was nothing to prevent appellant from alleging a new date of separation and filing a new divorce, nor did anything prevent her from claiming she was still the common law wife of appellee. For these reasons Georgiades' argument fails.

Accordingly, the trial court's entry of judgment in favor of appellee declaring that no marriage existed or had ever existed between the parties was proper. We overrule appellant's first point of error.

■ In her second point of error, Georgiades asserts that the trial court improperly awarded attorney's fees. Georgiades' complaint is founded on her contention that the marital status of the parties was not proper subject matter for declaratory relief. Because we overruled her first point, we now turn to the question of whether appellee was entitled to attorney's fees.

■ The Declaratory Judgments Act provides that the court may award reasonable and necessary attorney's fees and other

costs. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). An award or denial of attorney's fees under the Declaratory Judgment Act will not be disturbed absent a showing of abuse of discretion by the trial court. *City of Houston v. Harris County Outdoor Advertising Association,* 732 S.W.2d 42, 56 (Tex.App.—Houston [14th Dist.] 1987, no writ). Di Ferrante pled for attorney's fees in his request for declaratory relief. Georgiades failed to show that the trial court abused its discretion in awarding attorney's fees.

Georgiades argues that part of the fees awarded constituted sanctions for her failure to show up for a deposition scheduled *after* she nonsuited her case. The motion for sanctions was filed eleven days after Georgiades nonsuited. Nevertheless, the fact remained that Di Ferrante had requests for affirmative relief on file at the time of Georgiades' nonsuit. Since the subject matter of the contemplated deposition involved matters integral to Di Ferrante's request for declaratory relief, Georgiades was required to appear for the deposition. Her failure to appear constituted action for which the trial court could levy sanctions. The court's award of attorney's fees in this instance was not an abuse of discretion. We overrule appellant's second point of error.

 In her third point of error Georgiades complains that the trial court erred in granting a permanent injunction. Her argument rests on the premise that all temporary injunctions immediately dissolved when she took a nonsuit. She also charges that the injunction is defective because appellee failed to file a sworn petition for permanent injunctive relief pursuant to TEX.R.CIV.P. 682.

The Texas Supreme Court has stated that where an underlying cause is dismissed by nonsuit, temporary injunctions dissolve automatically. *General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990). There are two separate causes involved in the case at bar, however: (1) Georgiades' suit for divorce, which she dismissed, and (2) Di Ferrante's declaratory judgment suit. When Georgiades nonsuited her cause, all temporary injunctions based upon her cause automatically dissolved. Temporary injunctions based upon Di Ferrante's cause, however, remained intact for the very reason that they were not based upon Georgiades' cause.

Georgiades' allegation that appellee did not file a sworn petition for permanent injunctive relief, and that this invalidated the court's permanent injunction, likewise fails. The trial court carried forward the provisions of the temporary injunction into the permanent one. The temporary injunction was issued after a three day hearing was held. A verified petition for injunctive relief is not required to grant a temporary injunction when a full evidentiary hearing on evidence independent of the petition has been held. *Ohlhausen v. Thompson,* 704 S.W.2d 434, 437 (Tex.App.—Houston [14th Dist.1986, no writ). The same holds true regarding permanent injunctions. We overrule appellant's third point of error. We affirm the judgment of the trial court.