Affirmed and Opinion filed August 8, 2002









Affirmed
and Opinion filed August 8, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00234-CV

____________

 

TRUONG NGUYEN, Appellant

 

V.

 

INTERTEX, INC. and VINCENT J.
BUSTAMANTE, INDIVIDUALLY

AND AS PRESIDENT OF
INTERTEX, INC., Appellees

 



 

On Appeal from the County Civil Court at
Law No. 1

Harris County, Texas

Trial Court Cause No. 718,614

 



 

O P I N I O N

This is an appeal from a final judgment denying a bill of
review to set aside a default judgment and granting an anti-suit
injunction.  Although the appeal is
brought from a single judgment, five lawsuits are actually in issue, three of
which were bills of review and one of which was a suit to set aside a constable
sale.  The other suit is the original
lawsuit from which the first default judgment was entered.  For the reasons stated below, we affirm.








                                                PROCEDURAL
BACKGROUND

In cause number 718,614, appellant Truong Nguyen filed a
petition for a bill of review to set aside a default judgment entered in cause
number 681,891.  Cause number 681,891
also happened to be a bill of review. 
Appellees Intertex, Inc. and Vincent Bustamante answered with a general
denial, which was later amended to add a counterclaim and an application for a
permanent injunction.  On March 20–21,
2000, the county court at law tried Nguyen’s bill of review, and, at the
conclusion of the trial, the court denied the bill of review without prejudice.[1]  

On March 31, 2000, but before the court’s order from the bill
of review hearing, Nguyen filed a related petition in the 113th District Court
of Harris County against appellees.

The court held a hearing on appellees’ counterclaim and
application for permanent injunction on September 21, 2000.  On November 16, 2000, the county court at law
signed a final judgment denying Nguyen’s bill of review and granting appellees= counterclaim and application for a
permanent injunction.  Among other
things, the court ordered as follows: 
(1) that the court’s judgments in cause numbers 663,219 and 681,891 were
“good, final and subsisting” judgments; and (2) Nguyen was permanently enjoined
from filing or maintaining any other lawsuit involving the subject matter of
the prior judgments against appellees, in any state court in the United States,
without first (1) filing a motion under cause number 718,614 and giving notice
to appellees, and (2) obtaining that court’s permission to file a suit.  The court also ordered Nguyen to either
follow the procedure outlined in the final judgment to obtain permission to
continue the lawsuit filed in the 113th District Court or dismiss it. 








Nguyen appealed the judgment to this court.  In his appeal, he raises three issues:  (1) the trial court erred in granting the
anti-suit injunction; (2) the trial court erred in holding that the judgments
in the earlier causes of action were good, valid, and subsisting judgments; and
(3) the suit in the district court should be allowed to move forward.  Appellees, in addition to responding to the
appeal, object to documents attached to Nguyen’s brief and move for damages for
a frivolous appeal.

FACTUAL BACKGROUND

As mentioned earlier, five lawsuits and two judgments are
either directly or tangentially involved in this appeal.  However, as we explain below, because of the
nature of Nguyen’s claims, we need not delve into the details of all five suits
or judgments.  We will give only a brief
summary of what happened in each lawsuit (and, in some cases, not include every
event but only the relevant events).  

The First Lawsuit (Cause No. 663,219): 
In 1996, Intertex filed suit for title, possession, and rents on
property at 2101 Pasadena Blvd. in Pasadena, Texas.  Nguyen did not answer.  A default judgment was entered awarding
title, possession and rents.  Nguyen
learned of the judgment in time to file a motion for new trial, which was never
ruled on by the judge, and was overruled by operation of law.  Even though Nguyen filed a motion for new
trial, he did not appeal the judgment.

The Second Lawsuit (Cause No. 681,891): 
In 1997, about eight months after the first judgment was entered, Nguyen
filed a petition for bill of review attacking the first judgment.  Intertex filed a counterclaim asking that the
first judgment be declared valid, and for additional accrued rents on the
property and attorneys fees.  Nguyen
non-suited his claim, but the counterclaim was tried.  Notice of the trial was sent to Nguyen=s two lawyers, but neither Nguyen or
his lawyers attended the trial.  As a
result of this trial, a second judgment was entered against Nguyen.  Like the first judgment, no appeal was taken
from this judgment.

The Third Lawsuit (Cause No. 712,585): 
More than a year after the second judgment was entered, Nguyen filed a
second bill of review attacking the first judgment.  Ultimately, this suit was dismissed for want
of prosecution.








The Fourth Lawsuit (Cause No. 718,614): 
The same year (1999) as the third lawsuit, Nguyen filed yet another bill
of review, this time attacking the second judgment entered two years
earlier.  In response, Intertex filed a
counterclaim seeking a declaration that the first and second judgments were
valid, and requesting an injunction against additional lawsuits.  The court held a trial on Nguyen’s bill of
review, and ultimately denied it.  Later,
the court held a hearing on Intertex=s counterclaim and request for
injunctive relief.  The court entered a
final judgment denying Nguyen’s bill of review and granting Intertex=s injunctive relief.  The court did not file, and Nguyen did not
request it to file, findings of fact and conclusions of law.

The Fifth Lawsuit (Cause No. 2000-16456): 
In early 2000, shortly after the bill of review in the fourth lawsuit
was tried, but before the trial court entered its final judgment, Nguyen filed
one more lawsuit attempting to set aside the constable sale of the same
property involved in the first lawsuit. 
This suit apparently was abated pending this appeal.

ANALYSIS

1.         Preliminary
Matter; Documents Attached to Appellate Brief

As an initial matter, we begin by addressing appellees’
objection to the documents appended to Nguyen=s appellate brief, which appellees contend
are not part of the appellate record in the present case.  With limited exceptions not relevant here, an
appellate court may not consider matters outside the appellate record.  Siefkas v. Siefkas, 902 S.W.2d 72, 74
(Tex. App.—El Paso 1995, no writ).  The
attachment of documents as exhibits or appendices to briefs is not formal
inclusion in the record on appeal and, therefore, the documents cannot be
considered.  Perry v. Kroger Stores,
Store No. 119, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ).  Because the documents contained in the
appendix to appellant's brief were not included in the appellate record, we
sustain appellees’ objection.








2.         The Attack on
the Prior Judgments

A bill of review is an equitable proceeding brought by a
party seeking to set aside a prior judgment that is no longer subject to
challenge by a motion for new trial or appeal. 
Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1995).  To set aside a judgment by bill of review,
the petitioner must ordinarily plead and prove (1) a meritorious defense to the
cause of action alleged to support the judgment, (2) that he was prevented from
making by the fraud, accident or wrongful act of his opponent, (3) unmixed with
any fault or negligence of his own.  Id. 
If the petitioner was not served, constitutional due process relieves
him of showing a meritorious defense, he is not required to show that the other
party=s fraud, accident or wrongful act
prevented him from presenting such a defense, and his own want of fault or
negligence is established.  Id.  The grounds upon which a bill of review can
be obtained are narrow because the procedure conflicts with the fundamental
policy that judgments must become final at some point.  Transword Fin. Serv. Corp. v. Briscoe,
722 S.W.2d 407, 407 (Tex. 1987) (citing Alexander v. Hagedorn, 148 Tex.
565, 226 S.W.2d 996, 998 (1950)).

Although it is an equitable proceeding, the fact that an
injustice has occurred is not sufficient to justify relief by bill of
review.  Wembley Inv. Co. v. Herrera,
11 S.W.3d 924, 927 (Tex 1999) (per curiam). 
Before filing a bill of review, a person must exercise due diligence to
avail himself of all adequate legal remedies against a former judgment.  Caldwell, 975 S.W.2d at 537.  If legal remedies were available but ignored,
relief by equitable bill of review is unavailable.  Wembley, 11 S.W.3d at 927.  This applies even if the failure results from
the negligence or mistake of a party’s attorney.  Gracey v. West, 422 S.W.2d 913, 916
(Tex. 1968); Thompson v. Henderson, 45 S.W.3d 283, 288 (Tex. App.CDallas 2001, pet. denied).








In reviewing the grant or denial of a bill of review, every
presumption is indulged in favor of the court’s ruling, which will not be
disturbed unless it is affirmatively shown that there was an abuse of judicial
discretion.  Interaction, Inc./State
v. State/Interaction, Inc., 17 S.W.3d 775, 778 (Tex. App.CAustin 2000, pet. denied).  The trial court may be reversed for abusing
its discretion only if it has acted in an unreasonable or arbitrary manner, or
without reference to any guiding rules and principles.  Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991).  We may not
reverse for abuse of discretion merely because we disagree with a decision by
the trial court, if that decision was within the trial court's discretionary
authority.  See id.  Additionally, because Nguyen did not request,
and the trial court did not make, findings of fact and conclusions of law, the
judgment of the trial court must be affirmed on any legal theory that finds
support in the evidence.  See EZ Pawn
Corp. v. Gonzalez, 921 S.W.2d 320, 322 (Tex. App.CCorpus Christi 1996, writ
denied).  In the absence of findings of
fact and conclusions of law, the trial court is presumed to have found the
necessary facts in support of its judgment if there is any probative evidence
to support such findings.  Roberson v.
Robinson, 768 S.W.2d 280, 281 (Tex. 1989).

a.         Nguyen=s Attempted Collateral Attack of
First Judgment








The judgment that is the subject of this appeal is the
judgment entered in the fourth lawsuit; in it the trial court denied Nguyen’s
bill of review and granted appellees= counterclaim and application for
injunctive relief.  In the fourth
lawsuit, Nguyen is really attempting to attack the first and the second
judgments, which were entered in the first and second lawsuits.  With regard to the first judgment, Nguyen
contends that the trial court should have granted the bill of review for two
reasons.  First, Nguyen complains that
appellees’ pleadings in the first lawsuit were deficient and the judgment in
that lawsuit did not conform to the pleadings. 
Second, Nguyen complains that the first judgment is void because he did
not have proper notice or service of the lawsuit.  As we understand the argument, Nguyen
contends that, because the judgment in the first lawsuit was void, the trial
court erred in granting the judgment in the second lawsuit, which includes the
finding that the judgment in the first lawsuit was a “good, valid and
subsisting” judgment.  Nguyen maintains
that, because the judgment in the first lawsuit is void, it may be attacked at
any time, and therefore he is not required to satisfy the requisites of a bill
of review.  This is not correct.

The Texas Supreme Court has held several timesCalthough not recentlyCthat when the plenary power of the
court rendering the judgment has expired, a bill of review is the exclusive
method for attacking a judgment entered in a case in which the court had
jurisdictional power to render it.[2]  Middleton v. Murff, 689 S.W.2d 212,
213 (Tex. 1985) (per curiam); McEwan v. Harrison, 345 S.W.2d 706, 710
(Tex. 1961); see also Tex. R.
Civ. P. 329b(f).  The only
exception to this rule is when the court rendering the judgment had no “jurisdictional
power” to enter a judgment.  Middleton,
689 S.W.2d at 213.  The court has “defined
‘jurisdictional power’ in this sense to mean ‘jurisdiction over the subject
matter, the power to hear and determine cases of the general class to which the
particular one belongs.’”[3]
Id.  In fact, in response to a
similar claim that a judgment was void and that a motion to vacate it should
have been granted, the Supreme Court did not distinguish between a void and a
voidable judgment.  It held the
following: 

We find it unnecessary to decide whether the consent
judgment was void or merely voidable.  In
either instance, a bill of review is the exclusive remedy since the time for an
appeal from the Y judgment has expired. 
The Court of Appeals cites Freeman v. Freeman, 160 Tex. 148,
327S.W.2d 428, 433 (1959), and Glenn W. Casey Constr. v. Citizen=s Nat=l
Bank, 611 S.W.2d 695, 701 (Tex. Civ.
App.CTyler 1980, no writ) for the proposition that ‘[i]f a
judgment rendered by a trial court is void, it may be set aside by that court
at any time.’  We disapprove of this
statement.

 








Middleton, 689
S.W.2d at 213 (citations omitted).  Thus,
all errors other than jurisdictional deficiencies must be corrected on direct
attack.  Id.  When time for direct attack by appeal, Rule
306a motion, or a restricted appeal has elapsed, a bill of review in the court
rendering the initial judgment is the exclusive remedy to attack the judgment.  Id.; Tex.
R. Civ. P. 306a.

Nguyen’s claimsCthat he was not served and that the
pleadings in the first lawsuit were defectiveCdo not fall within the jurisdictional
category that the Supreme Court referred to in Middleton or McEwan.  Middleton, 689 S.W.2d at 213-14; McEwan,
345 S.W.2d at 709-10.  In fact, the
Supreme Court specifically held in McEwan that even allegations of no
service, or defective service, of process do not allege a jurisdictional
defect.  McEwan, 345 S.W.2d at
710.  After a certain point in time, a
bill of review is the exclusive vehicle to attack a judgment alleged to be void
for lack of service.  Id.; accord
Middleton, 689 S.W.2d at 213.

Additionally, as to the defective pleadings, Nguyen is merely
claiming that the pleadings failed to allege all of the elements of a petition
in trespass to try title action.  This is
the same type of defect that would be addressed by procedural devices such as
special exceptions or a motion for summary judgment.  In short, the rules of procedure give
litigants ways to deal with these sorts of defects and, in fact, are based on
the proposition that the court has jurisdiction to hear these types of
cases.  Tex.
R. Civ. P. 91; Tex. R. Civ. P.
166a.  Likewise, the assertion that the
judgment in the first lawsuit is “invalid” because it failed to conform to the
pleadings is not a jurisdictional defect. 
The pleadings would already have invoked the court’s jurisdiction.  That sort of defect could lead to a reversal
of the judgment, but it would not make the judgment void for the court’s lack
of jurisdiction.  These types of defects
do not deprive the court of its jurisdiction. 


In summary, Nguyen’s claim that the first judgment was void
and can be attacked collaterally has no support in the case law or rules and we
overrule it.  




b.         Direct
Attack of First Judgment

Since Nguyen is not entitled to raise a collateral attack on
the first judgment, he must succeed, if at all, in the bill of review
action.  When Nguyen discovered the
default judgment in the first lawsuit, he contacted attorney Hai Nguyen, who
timely filed a motion for new trial. 
However, the motion was overruled by operation of law when Hai Nguyen
failed to set the motion for hearing and obtain a ruling prior to the
expiration of the trial court’s plenary power. 
Nguyen could have, but did not, appeal the default judgment.  Instead, Nguyen waited over six months to
file the second lawsuit, the bill of review attacking the judgment in the first
lawsuit.  A party who permits a judgment
to become final without appealing it cannot seek relief by bill of review
without providing an adequate explanation for the failure to appeal.  French v. Brown, 424 S.W.2d 893, 895
(Tex. 1987).  Here, Nguyen offers no
explanation for his attorney=s failure to pursue an appeal.  A client is bound by the acts of his
attorney, and attorney negligence is not a sufficient ground to support a bill
of review.  Gracey v. West, 422
S.W.2d at 916; Nichols v. Jack Eckerd Corp., 908 S.W.2d 5, 9 (Tex. App.CHouston [1st Dist.] 1995, no
writ).  Therefore, in the fourth lawsuit,
Nguyen is not entitled to reopen the matters at issue in the first lawsuit.

c.         Direct
Attack of Second Judgment

We now turn to the merits of Nguyen’s bill of review
attacking the judgment in the second lawsuit. 
In his pleading, Nguyen alleged that he was prevented from appearing and
asserting a meritorious defense at the trial of appellees’ counterclaim because
he did not get notice of the trial and the counterclaim was brought by an
improper party.  Nguyen also claimed that
he was not negligent or at fault in his failure to appear, because his lead attorney
was not given notice of the trial setting or the default judgment until it was
too late to appeal.  On appeal, however,
Nguyen offers no evidence or argument in support of these contentions.








As noted above, in order to succeed on his bill of review,
Nguyen was required to prove that he exercised due diligence in pursing all
adequate legal remedies against the judgment for appellees and, through no
fault of his own, was prevented from making a meritorious claim or defense by
the fraud, accident, or wrongful act of the appellees.  See Wembley, 11 S.W.3d at 927.  Nguyen’s bill of review requested relief
primarily based on the contention that he was prevented from asserting a
meritorious defense because he did not receive notice of the trial of Intertex=s counterclaim or the default
judgment.  He did not allege any specific
acts of wrongdoing on the part of appellees that prevented him from receiving
notice.

At the trial on the bill of review, attorney Hai Nguyen
contended that he did not receive notice of appellees’ counterclaim, and he
also testified that he believed the case had been resolved by settlement.  However, his own actions belie this claim,
for he non-suited Nguyen=s claims while specifically stating in the nonsuit that it
did not include Intertex=s counterclaims. 
Further, counsel for Intertex testified that he faxed a copy of Intertex’s
counterclaim to Hai Nguyen, and he introduced fax sheets confirming
receipt.  Hai Nguyen also testified that
he did not receive notice of the trial setting, but this also was contradicted
by the evidence.  It included two notices
of the trial setting issued by the court clerk, one directed to Hai Nguyen and
one directed to D. Craig Hughes, both of whom had appeared as counsel of record
for Nguyen.  Intertex’s counsel testified
that he also forwarded a copy of the trial setting notice to Hai Nguyen and
Hughes by certified mail, and that his records confirmed that Hughes received
the notice.  Nevertheless, neither
appellant Nguyen nor his attorneys appeared for trial.  There was also evidence that Intertex’s
counsel forwarded both the proposed final judgment and the signed final
judgment in the second lawsuit to Hai Nguyen and Hughes, but no further action
was taken until Nguyen, represented by attorney Gifford, filed the bill of review
at issue here.  








As previously stated, notice to Nguyen=s attorneys was notice to him;
therefore, any assertion that Nguyen himself did not have notice of the
counterclaim, the trial setting, or the final judgment is without merit.  Given the foregoing evidence, the trial court
could reasonably conclude that Nguyen could not prove (1) that he was prevented
from asserting a meritorious defense by the fraud, accident or wrongful act of
appellees, or (2) that he was not at fault for failing to appear for
trial.  

In addition, the trial court could have determined that
Nguyen’s counsel failed to exercise due diligence in pursuing all available
legal remedies once he had knowledge of the default judgment in the second
lawsuit because he failed to file either a motion to extend the court’s plenary
power under Texas Rule of Civil Procedure 306a(4) or a restricted appeal under
Texas Rule of Appellate Procedure 26.1(c). 
The final default judgment in the second lawsuit was signed by the trial
court on November 19, 1998.  At the trial
on the bill of review, Nguyen’s counsel, Gifford, testified that he learned of
the judgment in the second lawsuit in February of 1999, several days before he
filed the third lawsuit, the bill of review in the first lawsuit.  He filed the third lawsuit on February 12,
1999, within 90 days of the date the judgment in the second lawsuit was signed,
but did not file the bill of review attacking the judgment in the second
lawsuit (the fourth lawsuit) until June 23, 1999, over seven months after the
judgment was signed.  Gifford testified
that, at the time, he believed a bill of review was his only option in the
second lawsuit based upon Texas Rule of Civil Procedure 329b.  However, he admitted that, having read Rule
306a, he could have filed a motion for leave to file a motion for new trial
under that rule.  Gifford also had six
months after the date the default judgment was signed to pursue a restricted
appeal under Texas Rule of Appellate Procedure 26.1(c), but he did not do so,
even though he had approximately three months after he acquired actual
knowledge of the judgment in which he could have done so.  Because Nguyen failed to file either a motion
to extend the trial court’s plenary power or a restricted appeal, he failed to
exercise due diligence and is not entitled to an equitable bill of review in
this instance.  See Thompson, 45
S.W.3d at 290; Nichols, 908 S.W.2d at 9. 


Accordingly, we overrule Nguyen’s second issue and hold that
the trial court did not abuse its discretion in denying Nguyen’s bill of
review.








3.         The Anti-suit
Injunction

In his first and third issues, Nguyen complains that the
trial court erred in granting a permanent injunction prohibiting Nguyen from
filing or maintaining any lawsuit in any state court, including the lawsuit
pending in the 113th District Court, without first obtaining the trial court’s
consent after notice to appellees and a hearing.  The pertinent part of the judgment is set out
below:  

At the conclusion of all matters, after considering
the evidence, the pleadings and the arguments of counsel, the Court finds that
TRUONG NGUYEN A/K/A TRUONG NGUYEN has filed a multiplicity of suits involving
the same subject matter, that VINCENT BUSTAMANTE and INTERTEX, INC. will be
irreparably harmed by the multiplicity of 
lawsuits because they are vexatious and harassing and that there is no
adequate remedy at law and that the Counterclaim and Application for Permanent
Injunction should be granted.  It is
therefore

ORDERED, ADJUDGED AND DECREED that on those issues of
law or fact that were tried and resolved in this Court under Cause Numbers
663219 and 681891 and the property that is described in the attached Exhibit AA@ that TRUONG NGUYEN A/K/A TRUONG NGUYEN, and TRUONG
NGUYEN A/K/A TRUONG NGUYEN=s attorneys, agents, servants or employees with actual
knowledge of this Final Judgment are permanently enjoined from filing,
pursuing, filing pleadings in, sending discovery in or otherwise maintaining
any lawsuit in any state court in Texas or in any state court in the United
States of America, against VINCENT BUSTAMANTE and INTERTEX, INC., or their
respective successors and assigns, without first filing a motion with this
Court under Cause Number 718614, seeking and then obtaining permission by a
written order of the Court signed by the Judge of this Court, with service of such
motion having been served on VINCENT BUSTAMANTE and INTERTEX, INC., and their
attorney of record in this cause, by personal service of citation, no later
than 15 days before any such hearing. 

 








Nguyen contends that (1) the application for injunctive
relief was not supported by a proper affidavit because it was merely verified
by appellees’ counsel and was conclusory in violation of Texas Rule of Civil
Procedure 682, (2) appellees failed to plead a cause of action, that harm was
imminent, or that they would suffer irreparable injury, (3) it was not shown
that Nguyen would engage in the activity enjoined, (4) appellees have a plain
and adequate remedy at law, (5) appellees were not entitled to equitable relief
because they have unclean hands, and (6) the injunction did not describe in
reasonable detail the acts to be restrained. 


An anti‑suit injunction is appropriate in four
instances:  (1) to address a threat to
the court's jurisdiction; (2) to prevent the evasion of important public
policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from
vexatious or harassing litigation. 
Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex.1996) (per
curiam).  It is well-recognized that Texas
state courts have the power to restrain persons from proceeding with suits
filed in other courts of this state. Gannon v. Payne, 706 S.W.2d 304,
305 (Tex. 1986).  When a suit is filed in
a court of competent jurisdiction, that court is entitled to proceed to
judgment and may protect its jurisdiction by enjoining the parties to a suit
subsequently filed in another court of this state.  Id. at 305-06.  Further, Texas courts are empowered to issue
injunctions  to prevent parties from
going forward with litigation in a sister state.  Christensen v. Integrity Ins. Co., 719
S.W.2d 161, 163 (Tex. 1986).  The
principle of comity, however, requires that courts exercise this equitable
power sparingly, and only in very special circumstances.  Id. 
The party seeking to enjoin an out-of-state lawsuit must show that a
clear equity demands the injunction.  Id.  

A trial court’s issuance of an anti‑suit injunction is
reviewed under an abuse of discretion standard. 
See id. at 305.  In
reviewing the trial court=s order, we are to draw inferences from the evidence in the
manner most favorable to the trial court=s ruling.  Bridas Corp. v. Unocal Corp., 16
S.W.3d 887, 891 (Tex. App.CHouston [14th Dist.] 2000, pet. dism’d w.o.j.).








We first address, and reject, Nguyen’s argument that the
counterclaim for injunctive relief was not supported by a proper
affidavit.  Here, an evidentiary hearing was
held on appellees’ counterclaim and application for permanent injunction at
which attorney Gifford represented Nguyen. A verified petition for injunctive
relief is not required to obtain a permanent injunction when a full evidentiary
hearing on evidence has been held.  Georgiades
v. Di Ferrante, 871 S.W.2d 878, 882 (Tex. App.CHouston [14th Dist.] 1994, writ
denied).  The reason for not requiring
literal compliance with Rule 682 is that the writ of injunction is not granted
upon the averments of the petition alone, but upon sworn and competent evidence
admitted at a full hearing.  Atkinson
v. Arnold, 893 S.W.2d 294, 297 (Tex. App.CTexarkana 1995, no writ).  

Nguyen=s remaining arguments attacking the pleading and proof
supporting the anti-suit injunction consist of one- or two-line statements
unsupported by analysis or citation to the record, and they are not directed to
overcoming the abuse of discretion standard. 
Further, none of the cases Nguyen cites involve anti-suit injunctions;
they merely stand for general principles of law relating to temporary
injunctions that Nguyen fails to apply to the facts of this case.  We do not find these arguments meritorious.

Here, the trial court’s anti-suit injunction appears to be
based on two of the recognized categories in which anti-suit injunctions are
appropriate_the prevention of a multiplicity of
suits and protection from vexatious or harassing litigation.  The evidence demonstrates that Nguyen
repeatedly filed bills of review relating back to the original judgment and
constable=s sale, and even filed the fifth
lawsuit during the proceedings in the fourth lawsuit.  Appellees were required to answer and defend
these repetitive bills of review to defend the judgment obtained in the first
lawsuit in which Intertex was awarded title to the property at 2101 Pasadena
Boulevard.  Based on our review of the
record, we cannot conclude that the trial court abused its discretion in
finding that the anti-suit injunction was warranted.  








We also reject Nguyen=s argument that the anti-suit
injunction does not describe in reasonable detail the acts to be
restrained.  In his argument, Nguyen
appears to contend that the order requires that he address the lawsuit in the
113th District Court prior to filing further actions.  However, we do not read the order to have any
such requirement.  The injunction is
contained in one paragraph setting forth the requirements that Nguyen must
satisfy before he may file or maintain any other lawsuits.  The trial court’s order with respect to the
pending lawsuit in the 113th District Court is set out in a separate paragraph
at the end of the order, and merely provides that, within 15 days after the
order is final, Nguyen shall either (1) file a motion with the trial court in
the manner provided in the injunction portion of the order concerning the
lawsuit in the 113th District Court, or (2) dismiss the lawsuit.  

Further, we reject Nguyen’s contention that the fifth
lawsuit, the lawsuit in the 113th District Court, should not be subject to the
injunction because the other lawsuits did not put in issue the claim for
wrongful foreclosure on the property at 2101 Pasadena Boulevard.  The injunction does not absolutely prohibit
Nguyen from pursuing the lawsuit, it merely requires that he file a motion in
the county court to obtain the court’s permission to proceed after notice to
appellees and a hearing.  Nguyen will
have an opportunity to demonstrate that the fifth lawsuit involves different
issues of law or fact that were not tried or resolved in the other lawsuits,
if, in fact, that is the case.  Given
Nguyen=s history of repetitive bills of
review, we do not find this portion of the trial court’s order an abuse of
discretion.

4.         Appellees’
Motion for Damages for Frivolous Appeal

Finally, appellees moved for damages for a frivolous appeal
under Texas Rule of Appellate Procedure 45, contending that Nguyen has no
reasonable expectation that the trial court’s judgment will be reversed, and
that the appeal has not been pursued in good faith.  Appellees assert as grounds that (1) Nguyen
is attempting to relitigate the same issues determined in the first lawsuit and
the second lawsuit, and (2) the appeal was filed in bad faith because Nguyen’s
attorney, Gifford, has actual knowledge that due diligence was not exercised.








Whether to grant sanctions is a matter of discretion, which
we exercise with prudence, caution, and after careful deliberation.  See Rios v. Northwestern Steel and Wire
Co., 974 S.W.2d 932, 936 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  We consider the case from the
viewpoint of the advocate and determine whether he had reasonable grounds to
believe the judgment should be reversed. 
See Id.  While we admonish
Nguyen’s counsel to thoroughly research and present its arguments in any future
appeals, we do not find that the appeal itself was pursued in bad faith.  We agree that Nguyen is attempting to
relitigate issues already determined, and that Nguyen’s lawyer should know that
due diligence was not used.  However, one
area involved in this appeal can be confusing, and that is case law discussing
void and voidable judgments.  This is in
part because of language in older opinions that a void judgment can be set
aside at any time.  See Deen v. Kirk,
508 S.W.2d 70, 71-72 (Tex. 1974) (court acknowledged language in cases stating
that a judgment void for lack of service could be set aside at any time); Middleton,
689 S.W.2d at 213 (same).  In addition,
some courts have used broader language to describe what constitutes a void
judgment.  See, e.g., Browning v.
Placke, 698 S.W.2d at 363 (stating that a judgment is void only when it is
shown “that the court had no jurisdiction of the parties or property, no
jurisdiction of the subject matter, no jurisdiction to enter the particular
judgment, or no capacity to act as a court.”). 
We therefore deny appellees’ motion.

                                                                   SUMMARY

In
summary, we hold that the trial court did not abuse its discretion when it
denied the bill of review, and that it did not abuse its discretion in granting
an anti-injunction, and we overrule all of Nguyen’s issues.  We also deny appellees’ motion for damages
for frivolous appeal.  The judgment of
the trial court is affirmed.

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Opinion filed August 8, 2002.

Panel consists of
Justices Hudson, Fowler, and Edelman.

Publish C Tex.
R. App. P. 47.3(b).

 











[1]  The
court signed an interlocutory judgment denying the bill of review on May 9,
2000. 





[2]  This statement
by the Court also assumes that the time has also past for a Rule 306a motion
and for a restricted appeal.  See Tex. R. Civ. P. 306a; Tex. R. Civ. P. 30.





[3]  The
Texas Supreme Court has used broader language in some cases, including saying
that a judgment in which the court does not have personal jurisdiction over the
parties is void.  See Browning v.
Placke, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam).  However, whenever the court has been directly
confronted with a claim that a judgment is void and a collateralCnot
directCattack has been
made, the court has held that the only method of attack after the court=s
plenary jurisdiction has expired is by bill of review.  Middleton, 689 S.W.2d at 213; McEwan,
345 S.W.2d at 710.  In McEwan, the
court gave two illustrations to explain what it meant by having no
jurisdictional power to render a judgment: 
one illustration involved a county court rendering a divorce decree; the
second illustration was of a county court entering a judgment for title to
land.  McEwan, 345 S.W.2d at
709-710.