Opinion issued February 3, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00736-CV

———————————

Gregory R. Mattox
and Barbara Wilkerson, Appellants

V.

Clifford Jackson and Eleanor Jackson,
Appellees



 



 

On
Appeal from the 506th District Court

Grimes
County, Texas



Trial Court Case No. 30753

 



 

O P I
N I O N

Appellants Gregory R. Mattox and Barbara
Wilkerson appeal the trial court’s granting of Appellees Clifford Jackson and
Eleanor Jackson’s oral application for temporary injunction.  In eight points of error, appellants argue
that the trial court erred by: (1) granting an order for a temporary
restraining order based on an unverified oral application; (2) granting a
request for a temporary injunction based on an unverified oral application; (3)
not allowing evidence to be presented at the temporary injunction hearing; (4) granting
a request for a temporary injunction based on insufficient evidence; (5) granting
a request for a temporary injunction that did not contain all of the
statutorily required information; and (6) amending the order granting a temporary
injunction after the notice of appeal had been filed.  Additionally, appellants ask this Court “to
rule that they are entitled to an award of attorney[s’] fees and costs as
plead[ed].”

We reverse and remand.

                                                                                                                                                                
Background

In May 2005, Mattox and Wilkerson purchased two adjacent
lots in the Hill Forest Manor Subdivision. 
Some time after their purchase, they discovered that a portion of their
property was encumbered by an unpaved roadway dedicated as a county road.  The last 134 feet of the roadway lies on
their property, terminating at the border between their property and the
Jacksons’ property.  The Jackson’s
property is not a part of the Hill Forest Manor Subdivision, and the easement
in dispute is not necessary for the Jacksons to access their property.

Following the discovery of the easement, Mattox and
Wilkerson filed an application with the Grimes County Commissioners Court to
cancel the dedication of the 134-foot portion of the roadway that lies across
their land.  That application lead to a
suit that is separate from the underlying litigation.[1]

In March 2007, the Jacksons filed suit against Mattox and
Wilkerson seeking declaratory and injunctive relief.  The Jacksons alleged that Mattox and
Wilkerson’s predecessor in interest in title erected a fence and planted two
pear trees on the roadway easement in 1991 in order to keep people from using
the roadway.  They further alleged that
Mattox and Wilkerson refused to remove the obstructions.  The Jacksons sought a declaration from the
trial court that the roadway is a public road. 
They also sought a permanent injunction requiring Mattox and Wilkerson
to remove the current obstructions and enjoining Mattox and Wilkerson from
erecting any other obstructions along the roadway.

The parties agree that, some time around July 2010, Mattox
and Wilkerson erected additional barriers across the roadway that prevented
passage along the roadway.  On July 26,
2010, the trial court entered an order noting that the Jacksons had “orally
filed an application for a temporary injunction.”  The trial court set a hearing date for the
application on August 2, 2010.  At the
hearing, the trial court repeatedly stated that it did not want to get into the
facts of the case.  The trial court
stated that, instead, it only wanted to know the status of the suit concerning
the cancellation of the dedication and whether the status quo of the roadway
had changed.

Both parties agreed that the suit concerning the
cancellation of the dedication had been on appellate review and an opinion had
issued but mandate had not yet issued. 
They also agreed that there had been a change in the status quo.

During the hearing, counsel for Mattox and Wilkerson repeatedly
attempted to discuss the facts concerning the change in the status quo of the
roadway and, at one point, represented to the trial court that he was prepared
to present evidence.  Each time, the
trial court repeated that it did not want to get into the facts of the case and
determined that Mattox and Wilkerson’s allegations were fact issues.

Based on the parties’ agreement that the suit concerning
the cancellation of the dedication was still ongoing and that the status quo of
the roadway had changed, the trial court granted the request for a temporary
injunction ordering Mattox and Wilkerson to remove the barricades and fencing
that had changed the status quo of the case and to return the roadway to its
status quo.

On August 11, 2010, Mattox and Wilkerson filed their
notice of appeal.  Six days later, the
Jacksons filed a motion asking the trial court to make certain modifications to
its temporary injunction order.  On the
same day, the trial court issued an Order for Issuance of Temporary Injunction
Nunc Pro Tunc.  The trial court also
issued, at Mattox and Wilkerson’s request, findings of fact and conclusions of
law.

                                                                                                                                                 
Standard of Review

A temporary injunction is an extraordinary remedy that
does not issue unless the party seeking relief pleads and proves three specific
elements: (1) a cause of action; (2) a probable right to the relief sought; and
(3) a probable, imminent, and irreparable injury in the interim.  Butnaru v. Ford Motor Co., 84 S.W.3d 198,
204 (Tex. 2002).  A
trial court at a temporary injunction hearing determines whether the applicant
is entitled to preserve the status quo pending trial on the merits.  Id.; Davis v. Huey, 571 S.W.2d
859, 862 (Tex. 1978).  The status quo is
defined as the last, actual, peaceable, non-contested status that preceded the
pending controversy.  In re Newton, 146 S.W.3d 648, 651 (Tex. 2004).

On appeal, the scope of review
is limited to the validity of the temporary injunction order.  See Walling v. Metcalfe, 863 S.W.2d
56, 58 (Tex. 1993).  We do not review the
merits of the underlying case.  Davis,
571 S.W.2d at 861.  Instead, we determine
whether there has been an abuse of discretion by the trial court in granting or
denying the relief.  Id. at
862.  In making this determination, we
may not substitute our judgment for that of the trial court unless its decision
was so arbitrary that it exceeded the bounds of reasonableness.  See Butnaru, 84 S.W.3d at 204.  A trial court abuses its discretion in
granting or denying a request temporary injunction when it misapplies the law
to the established facts.  See State
v. Sw. Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975).

                                                                                                                            
Temporary Restraining Order

In their first point of error, Mattox and Wilkerson argue
that the trial court erred by granting a request for a temporary restraining
order based on an oral application.  We
do not reach the merits of this point of error because it exceeds the scope of
our review under this interlocutory appeal.

Except as
provided by statute, a party may not appeal an interlocutory order.  Bally
Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001).  Mattox and Wilkerson have brought this
interlocutory appeal pursuant to subsection 51.014(a)(4) of the Civil Practice
and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4)
(Vernon 2008).  Under that subsection,
appellate review is limited to an order that “grants or refuses a
temporary injunction or grants or overrules a motion to dissolve a temporary
injunction as provided by Chapter 65.”  Id. 
This section does not provide for appellate review of a temporary
restraining order.  Accordingly, the
validity of the temporary restraining order is beyond the scope of this appeal.  See In
re Tex. Natural Res. Conservation Comm’n, 85 S.W.3d 201, 205 (Tex. 2002)
(holding grant or denial of temporary restraining order is generally not
appealable).

We overrule Mattox and Wilkerson’s first point of error.

                                                                                                                                            
Temporary Injunction

In their second point of error, Mattox and Wilkerson argue
that the trial court erred by granting a request for a temporary injunction
without a written application for temporary injunction and without any
verification or affidavit.

The Jacksons’ petition only sought a permanent
injunction.  There is no application in
the petition for a temporary restraining order or a temporary injunction.  Nor is the petition verified.  The trial court noted in its order setting
the hearing date for the temporary injunction that the application was
oral.  The Jacksons never submitted a
written application to the court or any affidavit in support of their oral
application.

“No writ of injunction shall be granted unless the
applicant therefor shall present his petition to the judge verified by his
affidavit and containing a plain and intelligible statement of the grounds for
such relief.”  Tex. R. Civ. P. 682.  A
verified petition for injunctive relief is not required to grant a temporary
injunction, however, when a full evidentiary hearing on evidence independent of
the petition has been held.  Georgiades v. Di Ferrante, 871 S.W.2d
878, 882 (Tex. App.—Houston [14th Dist.] 1994, writ denied).  We must turn, then, to the hearing on the
application for temporary injunction.

In their third, fourth, and fifth points of error, Mattox
and Wilkerson argue that the trial court erred by not allowing evidence to be
presented at the temporary injunction hearing and by granting a request for a
temporary injunction based on insufficient evidence.

At the hearing, the trial court repeatedly stated that it
did not want to get into the facts of the case. 
The trial court stated that, instead, it only wanted to know the status
of the suit concerning the cancellation of the dedication and whether the
status quo of the roadway had changed.  Counsel
for Mattox and Wilkerson repeatedly attempted to discuss the facts concerning
the change in the status quo of the roadway and at one point represented to the
trial court that he was prepared to present evidence.  Each time, the trial court repeated that it
did not want to get into the facts of the case and determined that Mattox and
Wilkerson’s allegations were fact issues. 
Accordingly, we hold there is no evidence independent of the petition
that would render the lack of a verification harmless.

The only argument raised by the Jacksons in their brief is,
“The purpose of a temporary injunction is to preserve the status quo until a
trial on the merits,” citing Walling v.
Metcalfe for this proposition.  863
S.W.2d at 57.  A trial court may grant a
request for a temporary injunction to preserve the status quo, however, only after
“the applicant establishes a probable right on final trial to the relief
sought, and a probable injury in the interim.” 
Id.  The applicants must prove that they are
entitled to preservation of the status quo. 
It is not presumed that a change in the status quo entitles the
applicant to an injunction.

It was the Jackson’s burden to plead and prove three
specific elements: (1) a cause of action; (2) a probable right to the relief
sought; and (3) a probable, imminent, and irreparable injury in the interim.  See
Butnaru, 84 S.W.3d at 204. 
Because there was no verified application for temporary injunction and
because the Jacksons did not present any evidence at an evidentiary hearing in
order for them to carry their burden, we hold that the trial court abused its
discretion in granting the Jacksons’ oral application for temporary injunction.

We sustain Mattox and Wilkerson’s second, third, fourth,
and fifth points of error.[2]

                                                                                                                                                           
Attorneys’ Fees

At the end of their brief, Mattox and Wilkerson note that
the suit stems from the Jacksons’ declaratory judgment action.  They further note that an award of attorneys’
fees is provided for in a declaratory judgment action.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009 (Vernon 2008).  Mattox and
Wilkerson ask this Court “to rule that they are entitled to an award of
attorney[s’] fees and costs as plead[ed].” 
They recognize that this issue has been raised for the first time on
appeal but claim, without citation to any legal authority, that the issue could
not be presented until the completion of this appeal.  Even if this were true, the scope of review
on appeal of an order granting a request for a temporary injunction is limited
to the validity of the temporary injunction order.  See Walling, 863 S.W.2d at 58.

We deny Mattox and Wilkerson’s request for a ruling that
they are entitled to an award of attorneys’ fees and costs.

                                                                                                                                                                   
Conclusion

We reverse the trial court’s order granting the Jackson’s
request for a temporary injunction and remand the cause for further
proceedings.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Jennings, Higley, and Brown.

 











[1]           See generally Mattox
v. Grimes Cnty. Comm’rs Court, 305 S.W.3d 375 (Tex. App.—Houston [14th
Dist.] 2010, pet. denied).





[2]           Because we reverse the order granting the request for a temporary
injunction based on these points of error, we do not need to address Mattox and
Wilkerson’s remaining points of error concerning the injunction.