**Bobbie Nell Arnold ATKINSON, Appellant,**

v.

**Truman ARNOLD, Appellee.**

No. 06–94–00138–CV.

Court of Appeals of Texas, Texarkana.

Argued Feb. 7, 1995.

Decided Feb. 16, 1995.

J.W. Tyner, Tyler, Mike Smith, Atchley, Russell, Waldrop, Texarkana, M. Keith Dollahite, Hardy & Atherton, Tyler, for appellant.

Tera Kesterson, Damon Young, Law Offices of Damon Young, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

PER CURIAM.

This is an appeal from an interlocutory order granting a temporary injunction.[1] For several reasons, we conclude that the court erred in granting the temporary injunction and reverse.

In December 1987, the 102nd District Court of Bowie County granted a divorce to Bobbie Atkinson (formerly Bobbie Arnold)

---

1. Because of the nature of this proceeding, it is an accelerated appeal. *See* Tex.Civ.Prac. & Rem. Code Ann. § 51.014(4) (Vernon Supp.1995); Tex. R.App.P. 42.

**296**

and Truman Arnold. In connection with the divorce, the parties entered into several agreements, including a property settlement agreement; an agreement giving Atkinson an option to purchase stock in Texas Terminaling Corporation; an employment agreement whereby Atkinson was to work for the Truman Arnold Companies; a guarantee of that employment agreement by Truman Arnold; and a voting trust agreement.

In October 1992, Atkinson filed suit in the 102nd District Court seeking to have Arnold cited for contempt of court and to enforce the property settlement agreement. She also alleged breach of contract. In September 1994, Atkinson filed suit in Rusk County against Arnold, Truman Arnold Companies, and Ed Miller. That suit involves allegations of breach of contract, bad faith, fraud, conspiracy, breach of fiduciary duty, and intentional infliction of emotional distress, and asks that the trial court order the defendants to buy Atkinson's interest in the Truman Arnold Companies.

On October 31, 1994, Arnold filed a petition in the Bowie County action requesting the issuance of a temporary injunction prohibiting Bobbie Atkinson and her attorneys from taking any action in the Rusk County suit. The Bowie County district court, in the presence of counsel for both sides, considered the petition and, on November 8, 1994, granted the petition for the temporary injunction. Atkinson filed a motion for rehearing. The Bowie County court took the motion for rehearing under advisement, cancelled the existing trial date, and referred the case to mediation.

■■■ Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state. *Gannon v. Payne,* 706 S.W.2d 304, 305 (Tex. 1986). When suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit subsequently filed in another court of this state. *Id.* at 305–06 (citing *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1072 (1926)); *see generally* TEX. CONST. art. V, § 8 (district court has power to issue writs necessary to enforce jurisdiction); TEX.GOV'T CODE

ANN. § 21.001(a) (Vernon 1988) (court has authority to issue writs and orders necessary or proper in aid of its jurisdiction). Antisuit injunctions may also issue to prevent a multiplicity of suits or to protect a party from vexatious or harassing litigation. *Christensen v. Integrity Ins. Co.,* 719 S.W.2d 161, 163 (Tex.1986); *see also Owens–Illinois, Inc. v. Webb,* 809 S.W.2d 899, 902 (Tex.App.—Texarkana 1991, writ dism'd w.o.j.), *cert. denied,* 503 U.S. 919, 112 S.Ct. 1293, 117 L.Ed.2d 516 (1992).

■■■ A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993). The question before the trial court is whether the applicant is entitled to preserve the status quo pending trial on the merits. *Id.* at 58. The decision to grant or deny a temporary writ of injunction lies in the sound discretion of the trial court; the court's decision is subject to reversal only for a clear abuse of that discretion. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles and reached a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). This standard, however, has different applications in different circumstances. *Walker,* 827 S.W.2d at 839.

With respect to resolution of fact issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Id.* On the other hand, review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* at 840. A trial court has no "discretion" in determining what the law is or in applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.* With these guidelines in mind, we turn to several critical legal issues.

*Unverified Petition for Injunctive Relief*

Atkinson contends that the trial court erred in granting the temporary injunction because the petition for the injunction was not verified by an affidavit from Truman Arnold or anyone else. No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief. TEX.R.CIV.P. 682; *see also Kern v. Treeline Golf Club, Inc.*, 433 S.W.2d 215, 216 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). Atkinson filed a special exception pointing out the defect and also objected to the defect at the hearing. The trial court gave Arnold an opportunity to remedy the problem, but the petition remains unverified.

■ A verified petition is not essential to the granting of a temporary injunction granted after a full hearing on the evidence independent of the petition. *See Georgiades v. Di Ferrante*, 871 S.W.2d 878, 882 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *Ohlhausen v. Thompson*, 704 S.W.2d 434, 437 (Tex.App.—Houston [14th Dist.] 1986, no writ). The reason for not requiring literal compliance with Rule 682 is that the writ of injunction is not granted upon the averments of the petition alone, but upon sworn and competent evidence admitted upon a full hearing. *Magnolia Petroleum Co. v. State*, 218 S.W.2d 855, 857 (Tex.Civ. App.—Austin 1949, writ ref'd n.r.e.); *see, e.g., Georgiades*, 871 S.W.2d at 882 (temporary injunction issued after three-day hearing held); *O'Connor v. National Motor Club of Texas, Inc.*, 385 S.W.2d 558, 560 (Tex.Civ. App.—Houston 1964, no writ) (full hearing included 300 pages of testimony given by numerous witnesses).

■ However, Arnold's attorney offered no evidence at the hearing and stated that she intended to proceed directly to her legal arguments that supported issuance of the

injunction.[2] The unverified petition for temporary injunction and its attachments, consisting of the Rusk County pleading and the various agreements entered into by the Arnolds at the time of their divorce, are being relied upon to support the order. Instruments attached to pleadings are not evidence unless they are introduced as such. *American Fire and Indem. Co. v. Jones*, 828 S.W.2d 767, 769 (Tex.App.—Texarkana 1992, writ denied).

■ In the absence of sworn testimony or other evidence normally admitted in a full evidentiary hearing, the trial court erred in granting the temporary injunction based on an unverified petition.

*Adequate Remedy At Law*

■ Atkinson contends that the trial court erred in granting the temporary injunction because Arnold had an adequate remedy at law through filing a plea in abatement in the Rusk County action. Arnold asserts that the plea in abatement is not an adequate remedy at law because denial of the plea would be an unappealable interlocutory order and Arnold would have to participate in a full trial on the merits in the Rusk County action.

Both parties cite to *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926), *overruled on other grounds by Walker v. Packer*, 827 S.W.2d 833 (1992). The *Cleveland* case involved five different actions pending in four different courts (two appellate courts and two district courts) and numerous injunctive orders that "present[ed] an instance of judicial stalemate without parallel in the history of … [Texas] jurisprudence." *Id.* 285 S.W. at 1069. In summary, the supreme court found that the district court in which the original suit was filed had the right to proceed to judgment and could protect its jurisdiction by enjoining the parties from proceeding with a suit subsequently filed in another district court. *Id.* at 1072.

---

2. Atkinson also challenges the legal and, alternatively, factual sufficiency of the evidence supporting the trial court's reasons, as recited in the injunction order, for granting injunctive relief. As a general rule, the trial court errs in granting injunctive relief without supporting evidence. *See State v. Texas Pet Foods, Inc.*, 591 S.W.2d

800, 803 (Tex.1979); *Armendariz v. Mora*, 526 S.W.2d 542, 543 (Tex.1975); *Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 533 (Tex.App.—Tyler 1992, writ denied). The injunction is additionally invalid because no evidence supports the trial court's order granting the temporary injunction.

Arnold notes that the supreme court, in its *Cleveland* opinion, stated that a plea in abatement regarding the pendency of a prior suit "is not the only remedy in trial courts. The parties may . . . receive from the court which first obtained jurisdiction an injunction enjoining the parties to the second action from maintaining it." *Id.* at 1072. Arnold thus asserts that the availability of a plea in abatement as a legal remedy does not bar him from seeking or being granted injunctive relief in the Bowie County court.

Nothing in the *Cleveland* case undertakes to substitute the writ of injunction for the plea in abatement in all cases without reference to the adequacy of the plea. *Powers v. Temple Trust Co.,* 124 Tex. 440, 78 S.W.2d 951, 953 (1935). In *Cleveland,* a plea in abatement had already been heard and denied in the second district court. *Id.,* 285 S.W. at 1072; *see also Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 306 (Tex. 1956). The supreme court found that its decision was consistent with the doctrine that holds that the pendency of a suit in another jurisdiction must be seasonably pleaded in abatement. *Cleveland,* 285 S.W. at 1071. Once the facts are seasonably alleged and proved, the subsequent suit is abated. *Id.* at 1072. Although the supreme court in *Cleveland* was addressing an original proceeding for writs of mandamus, the court noted that the remedy for an adverse ruling on a plea in abatement is normally by appeal. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985); *Cleveland,* 285 S.W. at 1072. Appeal from the adverse ruling is not an inadequate remedy merely because it involves further delay or cost. *See Walker,* 827 S.W.2d at 842 (overruling the *Cleveland* case to the extent it implies otherwise).

Arnold should have secured a ruling on his plea in abatement. *See Lancaster,* 291 S.W.2d at 307, *cited in Ex parte Browne,* 543 S.W.2d 82, 85 (Tex.1976); *see also Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974). The Rusk County court has had no opportunity to hear and determine a plea in abatement on this matter. We assume that, given the opportunity, the Rusk County district court would follow the law and abate the pending action if Arnold can demonstrate that the issues and claims in the Rusk County action are already before the Bowie County court. *See Lancaster,* 291 S.W.2d at 307.

Enjoining the prosecution of any suit is a harsh remedy and should not be resorted to in a doubtful case, nor to avoid the possibility of conflicting decisions, nor yet to discourage litigation. *City of Houston v. Kunze,* 258 S.W.2d 226, 228 (Tex.Civ.App.—Fort Worth), *aff'd,* 153 Tex. 42, 262 S.W.2d 947 (1953). Furthermore, collateral estoppel bars the relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). To the extent the facts at issue in each action overlap, once one of the suits proceeds to judgment, the successful party can assert the doctrine of collateral estoppel to prevent the relitigation of the issues determined in the prior action.

Absent a showing that peculiar circumstances exist in this case to make the plea in abatement an inadequate remedy, a temporary injunction is inappropriate. *See Browne,* 543 S.W.2d at 85; *Powers,* 78 S.W.2d at 952. The trial court abused its discretion in granting injunctive relief because Arnold has an adequate remedy at law.

We reverse the trial court's judgment and set aside the order granting the temporary injunction.