**BAY FINANCIAL SAVINGS BANK, FSB, Appellant,**

v.

**Mary Ellen BROWN, Appellee.**

No. 06–04–00040–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 28, 2004.

Decided Aug. 10, 2004.

J. Stephen Walker, Moore Law Firm, LLP, R. Wesley Tidwell, Ellis, Young & Tidwell, LLP, Paris, for appellant.

Michael D. Mosher, Law Office of Michael D. Mosher, Paris, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

This is an accelerated appeal from a temporary injunction obtained by the plaintiff below, Mary Ellen Brown, enjoining Bay Financial Savings Bank, FSB, from taking any action to remove her from her residence based on facts litigated in a prior forcible entry and detainer action. The sole issue for this Court is the propriety of that injunction.[1]

---

1. There is no document in the record identified as a temporary injunction. There is a document in the clerk's record entitled "Memo Opinion," granting the temporary injunction and ordering Brown's attorney to prepare "an Order and findings of fact and conclusions of law" to support the court's ruling. The clerk's record also contains a document entitled "FINDINGS OF FACT AND CONCLUSIONS OF LAW," filed March 17, 2004, the last paragraph of which contains language of an order of the court. We construe this language as the "temporary injunction" at issue in this case.

This injunction arose out of Brown's suit against Bay Financial in the 6th Judicial District Court of Lamar County for wrongful foreclosure. Brown fell behind in her mortgage payments and alleged Bay Financial had misrepresented that it would not foreclose on her property until a later date. Brown allegedly relied on that promise and cancelled a pending sale of the property. Brown requested that the foreclosure of her house be set aside, or in the alternative, damages. She also requested a temporary restraining order, a temporary injunction, and a permanent injunction to prevent the prosecution of forcible entry and detainer actions to remove her from the residence. Brown contended Bay Financial should be so enjoined based on res judicata. She contended Bay Financial had already fully and fairly litigated the issue of possession in a prior forcible entry and detainer action and lost in both the justice court and on appeal to the county court at law. She asserted that the first forcible entry and detainer action was res judicata and barred relitigation on the right to possession of the house under those same facts. The trial court granted a temporary restraining order enjoining Bay Financial from "pursuing any further forcible entry and detainer actions or any further action to remove Brown from her premises" until a hearing could be held on the temporary injunction. The temporary restraining order, however, expired by operation of law, and Bay Financial proceeded with a forcible entry and detainer suit and prevailed in the justice court. Brown appealed that judgment to the county court at law. Before the appeal could be heard, Brown moved the 6th Judicial District Court to issue a temporary injunction to prevent the prosecution of forcible entry and detainer actions that sought to relitigate issues resolved in the first forcible entry and detainer action. The 6th Judicial District Court granted the temporary injunction, making, in part, the following findings of fact and conclusions of law:

2. On April 8, 2003, Bay Financial Served a Forcible Entry and Detainer Action against Mary Ellen Brown relating to the property at Route 6, Box 2900, FM Road 195, Paris, Texas 75462, that FED Action was set to be heard on April 17, 2003 at 10:00 a.m.

3. On April 29, 2003, *Bay Financial Savings Bank v. Mary Ellen Brown,* the Forcible Entry and Detainer Action listed above, was heard before Judge Ernie Sparks and the relief requested by Bay Financial Savings Bank was denied.

Bay Financial Savings Bank appealed it's [sic] denial of a right to possession of the property at issue to the County Court in Lamar County.

On July 25, 2003, the Forcible Entry and Detainer Action was retried, de novo, in the County Court of Lamar County, Texas before the Honorable Judge Deane Loughmiller.

Plaintiff appeared through counsel. Defendant Mary Ellen Brown appeared in person and through her attorney and they announced ready for trial. At the close of the Plaintiff's evidence, the Defendant made a motion for directed verdict, which was granted, and the trial court ordered, adjudged, and decreed that Bay Financial take nothing by its FED Action and the Plaintiff was not entitled to an order granting the possession of the premises.

Bay Financial did not appeal that judgment.

On July 28, 2003, Bay Financial Savings Bank filed a second Forcible Entry and Detainer Action in the Justice Courts of Lamar County, Texas. That FED Action was denied based on res judicata. On August 28, 2003, Bay Financial Savings Bank gave yet another

notice to Mary Ellen Brown to vacate the premises based on the exact same facts that were litigated and decided against it in the prior Forcible Entry and Detainer Action which was tried on July 25, 2003.

The judgment entered on August 1, 2003, based on the July 25, 2003, trial is a final judgment after a full trial on the merits where Bay Financial Savings Bank had, on the record, a full and fair opportunity to litigate the issues in the Forcible Entry and Detainer aciton [sic].

### CONCLUSIONS OF LAW

1. All issues that where [sic] litigated or could have been litigated in the trial in the County Court at Law on July 25, 2003, are precluded from being relitigated in any further Forcible Entry and Detainer Action.

2. Plaintiff, Mary Ellen Brown is entitled to a temporary injunction enjoining Bay Financial Savings Bank from bring [sic] any further Forcible Entry and Detainer Action that attempts to relitigate the same issues that were decided, or that could have been decided, during the trial on July 25, 2003.

NOW THEREFORE, IT IS THE ORDER OF THIS COURT, that during the pendency of this litigation, Bay Financial Savings Bank, any of it's [sic] agents or representatives or anybody acting on it's [sic] behalf, is hereby enjoined and restrained from taking any action to remove Mary Ellen Brown from the premises at issue in this litigation based on the facts that where [sic] litigated or could have been litigated during the trial of cause no. 10250 in the County Court at Law of Lamar County, Texas on July 25, 2003.

Bay Financial appeals the granting of this temporary injunction. See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.2004) (allowing appeal of interlocutory order that grants or denies temporary injunction).

Our review of the trial court's action in granting a temporary injunction is limited to determining whether the action constituted a clear abuse of discretion. *Gannon v. Payne,* 706 S.W.2d 304, 305 (Tex.1986). A trial court abuses its discretion by acting arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplying the law to the established facts of the case. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). The trial court does not abuse its discretion when it bases its decision on conflicting evidence. *McNeilus Cos. v. Sams,* 971 S.W.2d 507, 510 (Tex. App.-Dallas 1997, no pet.).

■ The first issue which must be decided is whether there is evidence in the record supporting the trial court's judgment issuing the temporary injunction against Bay Financial. A review of the record of the temporary injunction hearing reveals that Brown offered no evidence to the trial court, called no witnesses, and offered no agreement between the parties allowing the injunction to be based on pleadings or affidavits. So far as we are able to discern, the trial court based its findings of fact and conclusions of law on documents in the clerk's record that were attached to Brown's verified motion for a temporary restraining order. These documents, however, were not introduced as evidence at the hearing. Counsel for Brown represented to this Court at oral argument that the trial court took judicial notice of these documents, but he did not direct us to—and we have been unable to find—anywhere in the record where the trial court took such notice.

■ No temporary injunction may issue unless the applicant offers competent evi-

dence in support of his or her application to the trial court at the hearing on the temporary injunction, according to the standard Rules of Evidence. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.,* 433 S.W.2d 683, 686–87 (Tex.1968) (citing Tex.R. Civ. P. 680). In *Millrights,* no evidence was offered at the temporary injunction hearing in support of the applicant's right to a temporary injunction. The Texas Supreme Court was called on to decide whether the applicant's sworn petition could be treated as an affidavit, and whether the required proof could be made by affidavit. *Id.* at 686. The court held that, in the absence of an agreement by the parties, the proof required to support a judgment issuing a writ of temporary injunction may not be made by affidavit, and thus a sworn petition does not constitute evidence supporting the trial court's judgment in issuing a temporary injunction. *Id.* The court analyzed Rule 680 of the Rules of Civil Procedure and found the conduct of a "hearing" required by the rule implies that evidence is required to be offered. *Id.* at 687. The court found no basis in the language of Rule 680, or elsewhere, for holding that the "application" for a temporary injunction constitutes evidence at the hearing, or that proof may be made in any manner other than according to standard Rules of Evidence. *Id.* Since no evidence was adduced at the hearing on irreparable injury, probable recovery, or even evidence of the contracts from which the applicant predicated its suit, the court held that the temporary injunction could not stand. *Id.; see also In re Tex. Natural Res. Conservation Comm'n,* 85 S.W.3d 201 (Tex.2002) (noting temporary injunctions require more stringent proof requirements than temporary restraining orders that can issue on sworn pleadings); *Rogers v. Howell,* 592 S.W.2d 402, 403 (Tex.Civ. App.-Dallas 1979, writ ref'd n.r.e.) (finding sworn pleadings alone insufficient evidence to support issuance of temporary injunction).

■ Likewise, remarks of counsel during the course of a hearing are not competent evidence unless the attorney is actually testifying. *Collier Servs. Corp. v. Salinas,* 812 S.W.2d 372, 377 (Tex.App.-Corpus Christi 1991, orig. proceeding).

■ Because no evidence was offered to the trial court in support of the temporary injunction, we cannot say the trial court's ruling is supported by evidence. *See Millwrights Local Union No. 2484,* 433 S.W.2d at 687. The court did make findings of fact, which are not challenged by Bay Financial on appeal. Unchallenged findings of fact are binding on the court of appeals "unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.,* 999 S.W.2d 626, 629 (Tex.App.-Fort Worth 1999, no pet.). In this case, there was no evidence offered on any of the prior forcible entry and detainer actions at the temporary injunction hearing to support the trial court's findings of fact. Those findings, therefore, are not binding on this Court.

Accordingly, in the absence of any probative evidence in support of the application, we find the trial court abused its discretion in issuing the temporary injunction.

In addition, the temporary injunction failed to comply with the Rules of Civil Procedure. Those rules require that an order granting a temporary injunction set the cause for trial on the merits and fix the amount of security to be given by the applicant. *See* Tex.R. Civ. P. 683, 684. These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is sub-

ject to being declared void and dissolved. *See InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986) (finding temporary injunction void for not setting cause for trial on merits); *see also Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 308 (1956) (holding bond provisions of Rule 684 mandatory).

■ In this case, the order granting the temporary injunction did not set the cause for trial on the merits as required by TEX.R. CIV. P. 683. Also, the court did not fix the amount of security to be given. There is in the record a "temporary injunction" bond in the amount of $5,000.00. It is file-marked September 18, 2003, well before the February 19, 2004, hearing on the motion for the temporary injunction and the March 17, 2004, temporary injunction order. It appears that bond was filed for the temporary restraining order, because that order required security in that amount, and because the order and the bond were signed and filed on the same date. A bond for a temporary restraining order does not continue on and act as security for a temporary injunction unless expressly authorized by the trial court. *See Ex parte Coffee,* 160 Tex. 224, 328 S.W.2d 283, 285, 291–92 (1959) (finding bond filed for temporary restraining order continued in full force and effect as bond for temporary injunction where order granting temporary injunction provided that "the bond heretofore filed with the Clerk upon issuance of the restraining order herein be, and is hereby continued in full force and effect as a temporary injunction bond").

The order for the temporary injunction in this case did not state that the bond previously filed for the temporary restraining order continued as the bond for the temporary injunction. While Bay Financial moved to set bond after the February 19, 2004, temporary injunction hearing, the record does not show that the court ever set any additional bond amount or that Brown ever filed any such additional bond.

Brown does not address the mandatory requirements of the Rules of Civil Procedure in her brief, except to generally state that the basic requirements for temporary injunctions do not apply to this "anti-suit injunction." Anti-suit injunctions, however, must also comply with the requirements provided in the Rules of Civil Procedure. This follows from the language of Rule 683, providing that *"[e]very* order granting a temporary injunction shall include an order setting the cause for trial on the merits . . . ." TEX.R. CIV. P. 683 (emphasis added). Likewise, Rule 684 provides that "[i]n the order granting *any* . . . temporary injunction, the court shall fix the amount of security to be given by the applicant." TEX.R. CIV. P. 684 (emphasis added).

In *Monsanto Co. v. Davis,* 25 S.W.3d 773, 789 (Tex.App.-Waco 2000, pet. dism'd), the court held that an anti-suit injunction was void and set it aside for failing to comply with the mandatory requirements of Rule 683. Specifically, the court found that a detailed explanation for the reason for the injunction's issuance was not made. *Id.; see also Atkinson v. Arnold,* 893 S.W.2d 294, 297 (Tex.App.-Texarkana 1995, no writ) (finding trial court erred in granting anti-suit injunction because verified affidavit containing plain and intelligible grounds for relief or other sworn testimony was not presented as required by Rule 682).

Accordingly, we also hold the temporary injunction in this case is void for failing to comply with TEX.R. CIV. P. 683 and 684.

Having concluded that the temporary injunction of the trial court is not supported by evidence and did not comply with the Rules of Civil Procedure, we do

not reach the other contentions discussed in the parties' briefs.

We reverse the trial court's order for a temporary injunction, and such injunction is hereby dissolved. The case is remanded to the trial court for further proceedings.