MARY'S OPINION HEADING 









                                                NO.
12-07-00088-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

SUE MORRIS AND  §                      APPEAL
FROM THE THIRD

FLOYD
LEE MORRIS, JR.

APPELLANTS

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

GERALD
MORRIS AND

MICHAEL
MORRIS,

APPELLEES §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            This is an accelerated appeal from an order granting a
temporary injunction.  We reverse the
order of the trial court, dissolve the injunction, and remand the cause to the
trial court.

 

Background

            The underlying dispute in this case is over the ownership
of 42.194 acres in Anderson County, Texas. 
We will relate only that part of its tortured twenty-five year
procedural history that is pertinent to our decision.  On March 21, 2003, Gerald Morris filed an “Application
for Temporary Restraining Order” against Floyd Lee Morris, his nephew, and Sue
Morris, the widow of his deceased brother, seeking to enjoin them from entering
the 42.194 acres.  The temporary
restraining order was granted and extended. 
On April 7, 2003, the trial court held a temporary injunction
hearing.  The court heard lengthy
arguments from counsel but no evidence.  At
the conclusion of the hearing, the trial court made the following docket entry:








Both
parties appeared with counsel, counsel ordered to produce abstract w/i 30 days,
mutual injunction issued against both parties not to do anything to
disturb status quo of property. [P]arties will produce injunction order agreed
by parties. If not, court will accept both and issue own order.

 

 

No order was submitted, but on
September 30, 2003, the trial court made the following docket entry:

 

Court
considered file along with (’s
title opinion etc. & cross-(’s
response & exhibits.  Injunctive
relief sought by (
granted, cross-(’s  request for injunctive relief denied, (’s atty
(Cargill) to prepare order, submit to cross-(’s atty for objection to form.

 

 

No injunction order was ever
submitted or entered.

            On August 6, 2004, Sue Morris filed an action to quiet
title and for declaratory relief against Gerald Morris and Michael Morris.  Gerald and Michael Morris answered.  The matter lingered for more than two years
until January 23, 2007, when Gerald Morris filed a counterclaim for title and
possession of the disputed tract and for temporary injunction pending
trial.  An agreed order consolidating the
cause styled Gerald Morris v. Floyd Lee Morris and Sue Morris (trial
court number 349-5128) into this cause was filed February 15, 2007.

            On February 15, 2007, the trial court, after hearing,
granted the application of Gerald and Michael Morris for a temporary injunction
and set August 13, 2007 as the trial date.

 

Standard of Review

            Whether to grant or deny a temporary injunction is within
the trial court’s sound discretion.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  A reviewing court should reverse an order
granting injunctive relief only if the trial court abused that discretion.  Id.  An abuse of discretion occurs when the trial
court misapplies the law to the established facts of the case or when the trial
court concludes that the movant has demonstrated a probable injury or a
probable right to recovery and that conclusion is not reasonably supported by
the evidence.  See State v. Sw.
Bell Tel. Co., 526 S.W.2d 562, 528 (Tex. 1975); Tri-Star
Petroleum Co. v. Tipperary Corp., 101 S.W.3d 583, 587 (Tex. App.–El
Paso 2003, pet. denied).

 

Applicable Law

            To obtain a temporary injunction, the applicant must
plead and prove (1) a cause of action against the defendant, (2) a probable
right to the relief sought, and (3) a probable, imminent, and irreparable
injury in the interim.  Butnaru,
84 S.W.3d at 204.  A probable right to
relief or recovery is shown by alleging a cause of action and presenting
evidence that tends to sustain it.  Letson
v. Barnes, 979 S.W.2d 414, 417 (Tex. App.–Amarillo 1998, pet.
denied).  Probable irreparable injury is
demonstrated by evidence showing the harm anticipated could not be adequately
compensated in damages or could not be measured by a certain pecuniary
standard.  Butnaru, 84
S.W.3d at 204.

            The issuance of a temporary injunction requires an
evidentiary hearing.  No temporary
injunction may issue unless the applicant offers competent evidence in support
of the application at the hearing.  Bay
Fin. Sav. Bank v. Brown, 142 S.W.3d 586, 589-90 (Tex. App.–Texarkana
2004, no pet.).  A sworn application does
not constitute evidence supporting a temporary injunction, Alert Synteks,
Inc. v. Jerry Spencer, L.P., 151 S.W.3d 246, 253 (Tex. App.–Tyler 2004,
no pet.), and instruments attached to pleadings are not evidence unless
introduced as such.  See Millwrights
Local Union No. 2484 v. Rust Eng’g Co., 433 S.W.2d 683, 687 (Tex.
1968); Atkinson v. Arnold, 893 S.W.2d 294, 295 (Tex. App.–Texarkana
1995, no writ).  Documents not part of
the trial court record when the court made the decision in question may not be
considered on appeal.  Roventini v.
Ocular Scis., Inc.,111 S.W.3d 719, 726 (Tex. App.–Houston [1st Dist.]
2003, no pet.).  To be properly included
in the record on appeal, or later supplemented into the record, a document must
be filed with the trial court.  See
Tex. R. App. P. 34.5(c)(1); Texas
Dep’t of Health v. Rocha, 102 S.W.3d 348, 354 (Tex. App.–Corpus Christi
2003, no pet.).  Once an appeal is
perfected, the trial court cannot change the record that existed at the time
the judgment was granted.  Gerdes
v. Marion State Bank, 774 S.W.2d 63, 65 (Tex. App.–San Antonio 1989,
writ denied).  Rule 34.5 allows
supplementation of the record, but it does not allow for the creation of a new
trial court record.  Richards v.
Comm’n for Lawyer Discipline, 35 S.W.3d 243, 251 (Tex. App.–Houston
[14th Dist.] 2000, no pet.).

 

Analysis

            The trial court heard lengthy explanations and arguments
from counsel during both the hearing conducted in 2003 and the hearing held on
February 15, 2007.  Remarks by counsel,
however, are not competent evidence unless the attorney is actually testifying.  Bay Fin. Sav. Bank,  142 S.W.3d at 590.  No evidence showing a probable right to
relief or irreparable injury was presented by the applicant at either of the
hearings conducted for that purpose. 
Absent any evidence to support the application, we conclude the trial
court abused its discretion in issuing the temporary injunction.

 

Disposition

            The order granting the temporary injunction is reversed,
the injunction is dissolved, and the cause is remanded to the trial court.

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

 

 

Opinion
delivered July 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)