**Writ of Mandamus is Conditionally Granted; Opinion Filed November 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-13-01195-CV

---

### IN RE STEWART PHILLIP MCCRAY, Relator

---

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-02559**

---

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Myers
Opinion by Justice Myers

In this original proceeding, relator Stewart Phillip McCray seeks a writ of habeas corpus to secure his release from a commitment order arising out of relator's failure to comply with a temporary injunction. By order of this Court, relator was released from custody upon posting bond pending our decision on the writ. For the reasons that follow, we conclude the order granting the temporary injunction is void and grant the petition for writ of habeas corpus.

### DISCUSSION

We first address relator's sixth issue, in which he argues that the trial court's March 7, 2013 temporary injunction is void because of the court's failure to set a bond or dispense with the requirement of a bond.

This habeas corpus proceeding is a collateral attack on the commitment order. *See In re Dupree*, 118 S.W.3d 911, 914 (Tex. App.—Dallas 2003, orig. proceeding); *Ex parte Dolenz*, 893

S.W.2d 677, 679 (Tex. App.—Dallas 1995, orig. proceeding). The relator bears the burden to show the order is void, not merely voidable. *Dupree*, 118 S.W.3d at 914. A relator must conclusively show his entitlement to the writ. *Id.* An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

The real party in interest in this case, Nikki Slaughter McCray, filed an ex parte motion for a temporary restraining order against relator and an application for a temporary injunction. The trial court signed the temporary restraining order on February 25, 2013, followed by a temporary injunction on March 7, 2013. The temporary injunction enjoined relator from, among other things, sending any form of communication, emails, texts, and telephone calls not directly related to school issues to anyone employed at the school attended by relator and real party's children. However, the order granting the temporary injunction neither provides for the issuance of a bond nor dispenses with the bond requirement.

Real party subsequently filed an amended motion for enforcement of the temporary order and temporary injunction, and a request to hold relator in contempt. In that motion, real party complained that relator had sent emails to various individuals in violation of the temporary injunction. On August 26, 2013, a hearing was held on the motion for enforcement. On that same day, the trial court signed an order holding relator in contempt for his failure to comply with the temporary orders and temporary injunction, granting judgment, and committing relator to the county jail.

The rules of civil procedure require that an order granting a temporary injunction set the cause for trial on the merits and fix the amount of security to be given by the applicant. *See* TEX. R. CIV. P. 683, 684. These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved.

*See InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (1956); *Bay Fin. Sav. Bank v. Brown*, 142 S.W.3d 586, 590–91 (Tex. App.—Texarkana 2004, no pet.). Furthermore, a bond for a temporary restraining order does not continue on and act as security for a temporary injunction unless expressly authorized by the trial court. *Brown*, 142 S.W.3d at 591.

Real party argues that rule 693a of the Texas Rules of Civil Procedure and section 105.001(d) of the Texas Family Code authorize a trial court to dispense with the necessity of a bond when granting a temporary injunction in a suit affecting the parent-child relationship or a divorce suit. *See* TEX. FAM. CODE ANN. § 105.001(d) ("In a suit, the court may dispense with the necessity of a bond in connection with temporary orders on behalf of the child."); TEX R. CIV. P. 693a (providing that in a divorce case, the court may dispense with the necessity of a bond in connection with an ancillary injunction in behalf of one spouse against the other). But while the Texas Family Code and the Texas Rules of Civil Procedure give a trial court the discretion to dispense with the necessity of a bond, we do not read either provision as authorizing that a trial court may fail to address the issue altogether. *See In re Lemons*, 47 S.W.3d 202, 206 (Tex. App.—Beaumont 2001, orig. proceeding) (noting that "order does not contain any requirement for a bond nor any specific language dispensing with the necessity of a bond in connection with the temporary orders. It should contain one or the other. We assume any new temporary orders will do so."). Because the temporary injunction in this case neither sets a bond nor states that it is dispensing with the necessity of one, we conclude the temporary injunction is void. We therefore resolve relator's sixth issue in his favor and set aside the commitment order.

In his seventh issue, relator contends the trial court's finding as to attorney's fees is void. The commitment order in this case contains a finding that attorney's fees of $10,500 are reasonable and necessary. "A void order has no force or effect and confers no rights; it is a mere

nullity." *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]). Any attorney's fees based upon a void order must also be void. *Ex parte Fernandez*, 645 S.W.2d 636, 639 (Tex. App.—El Paso 1983, no writ); *In re Estate of Byrom*, 12–09–00279–CV, 2011 WL 590588, at *4 (Tex. App.—Tyler Feb. 16, 2011, pet. denied) (mem. op.). Because the commitment order must be set aside, the trial court's finding as to the attorney's fees in the amount of $10,500 is void. *See Byrom*, 2011 WL 590588, at *4. We sustain relator's seventh issue.

We **GRANT** relator's petition for writ of habeas corpus, release him from the bond posted to this Court by order dated August 28, 2013, and **ORDER** relator unconditionally released and discharged from the custody of the Sheriff of Dallas County pursuant to the August 26, 2013 order of commitment issued by the 255th Judicial District Court in cause number 09-02559, styled *In the Matter of the Marriage of Stewart Phillip McCray and Nikki Slaughter McCray*.

Because of our disposition of relator's sixth and seventh issues, we do not address his remaining arguments. *See* TEX. R. APP. P. 47.1.

/Lana Myers/
LANA MYERS
JUSTICE