

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE: | § | No. 08-16-00163-CV |
| | § | |
| TEXAS DEPARTMENT OF | | AN ORIGINAL PROCEEDING |
| TRANSPORTATION, | § | |
| | | IN MANDAMUS |
| RELATOR | § | |

**O P I N I O N**

The Texas Department of Transportation (TxDOT) has filed a mandamus petition against the Honorable Bonnie Rangel, Judge of the 171st District Court of El Paso County, Texas, challenging an order denying TxDOT's motion to stay the underlying case pending interlocutory appeal.[1] The petition for writ of mandamus is denied.

*Factual and Procedural Summary*

TxDOT terminated Flores' employment on July 31, 2013, and Flores filed an age discrimination suit. In its answer, TxDOT raised the defense of sovereign immunity from suit and liability. On November 5, 2014, TxDOT filed a motion for summary judgment. While the motion did not expressly refer to sovereign immunity, it asserted that Flores could not establish a *prima facie* case of age discrimination because TxDOT filled the vacant position with an older employee. TxDOT sought dismissal of the suit with prejudice. TxDOT asserts in its mandamus

---

[1] The underlying case is *Genaro Flores v. Texas Department of Transportation*, cause number 2014DCV1263.

petition that the trial court refused to set the motion for hearing because Flores' counsel would not agree to a hearing date. On September 18, 2015, the trial court entered a discovery control plan and scheduling order, and it set the case for trial on April 4, 2016. The order did not include a deadline for filing a plea to the jurisdiction. TxDOT amended its motion for summary judgment on February 10, 2016. Like the first motion, TxDOT did not refer to its argument as a plea to the jurisdiction, and it did not expressly refer to sovereign immunity. The trial court set the summary judgment motion for hearing on March 2, 2016, but it re-scheduled the hearing for March 22, 2016. After the hearing was rescheduled, TxDOT filed a combined second amended motion for summary judgment and a motion to dismiss for want of jurisdiction on the ground that Flores had failed to establish a *prima facie* case. Following the hearing, the trial court denied both motions. Upon learning that TxDOT intended to appeal and file a motion to stay, the trial court canceled the scheduled trial setting. TxDOT filed its notice of appeal[2] and a motion to stay in the trial court. At the hearing on the motion to stay, Flores vigorously argued that TxDOT was not entitled to the automatic stay because it had not filed a pleading titled "Plea to the Jurisdiction" within the deadlines provided for by Section 51.014 of the Texas Civil Practice and Remedies Code. The trial court denied the motion to stay and set the case for trial on January 9, 2017. TxDOT challenged the trial court's refusal to stay the case by filing a mandamus petition.

## MANDAMUS STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Kent Motor Company*, 361 S.W.3d 628, 630 (Tex. 2012); *In re*

---

[2] The interlocutory appeal is styled *Texas Department of Transportation v. Genaro Flores*, cause number 08-16-00049-CV. The briefs have been filed, and the case is set for submission on October 20, 2016.

*Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Mid-Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.-- Houston [1st Dist.] 2012, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Consequently, an abuse of discretion occurs if a trial court clearly fails to correctly analyze or apply the law. *In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010).

## AUTOMATIC STAY

TxDOT contends that the trial court clearly abused its discretion by refusing to stay all proceedings in the underlying case, including the trial setting, pending resolution of its interlocutory appeal. Flores responds that TxDOT is not entitled to a stay because it did not challenge the trial court's jurisdiction until well after the deadline established by Section 51.014(c) of the Texas Civil Practice and Remedies Code.

Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code allows a state agency to appeal the denial of a plea to the jurisdiction. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West Supp. 2016)("A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . (8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001 . . . ."). Further, an interlocutory appeal under Section 51.014(a)(8) automatically stays all proceedings in the trial court pending resolution of the appeal. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(b). When the appeal is taken under Subsection (a)(8), as in this case, the automatic stay is available only when the plea to the jurisdiction is filed, and the hearing requested, within the

- 3 -

timeframe set forth in Subsection (c). TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(c); *In re University of Incarnate Word*, 469 S.W.3d 255, 257-58 (Tex.App.--San Antonio 2015, orig. proceeding).

Subsection (c) provides as follows:

(c) A denial of a motion for summary judgment, special appearance, or plea to the jurisdiction described by Subsection (a)(5), (7), or (8) is not subject to the automatic stay under Subsection (b) unless the motion, special appearance, or plea to the jurisdiction is filed and requested for submission or hearing before the trial court not later than the later of:

(1) a date set by the trial court in a scheduling order entered under the Texas Rules of Civil Procedure; or

(2) the 180th day after the date the defendant files:

(A) the original answer;

(B) the first other responsive pleading to the plaintiff's petition; or

(C) if the plaintiff files an amended pleading that alleges a new cause of action against the defendant and the defendant is able to raise a defense to the new cause of action under Subsection (a)(5), (7), or (8), the responsive pleading that raises that defense.

TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(c).

The trial court did not set a date in its scheduling order for filing a plea to the jurisdiction or other dispositive motions. Consequently, TxDOT is not entitled to the automatic stay unless it filed its jurisdictional challenge within 180 days after it filed its original answer on May 15, 2014, or in other words, by November 11, 2014. It is undisputed that TxDOT filed its motion for summary judgment on November 5, 2014, but Flores asserts that the summary judgment motion is not a "plea to the jurisdiction."

The Supreme Court has made clear that a jurisdictional challenge can be raised by a number of procedural vehicles, including a plea to the jurisdiction, a motion to dismiss, or a

motion for summary judgment. *See Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). While Section 51.014(a)(8) and (c) utilize the phrase "plea to the jurisdiction," it is well established that the statute is not restricted to rulings on a pleading titled "plea to the jurisdiction." The proper focus is on the substance of the pleading, not its title. "To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006).

To establish a prima facie case of age discrimination under the Texas Commission on Human Rights Act, the plaintiff in a true replacement case must show that he or she was (1) a member of a protected class; (2) qualified for his or her employment position, (3) terminated by the employer, and (4) replaced by someone younger. *Mission Consolidated Independent School District v. Garcia*, 372 S.W.3d 629, 632 (Tex. 2012). Under the *McDonnell Douglas*[3] burden-shifting framework, the plaintiff is entitled to a presumption of discrimination if he or she meets the minimal initial burden of establishing a prima facie case of discrimination. *Mission Consolidated*, 372 S.W.3d at 634.

The Legislature has waived immunity for a suit under the TCHRA only where the plaintiff actually alleges a violation of the TCHRA by pleading facts that state a claim under that act. *Mission Consolidated*, 372 S.W.3d at 636. In an employment discrimination suit against a governmental agency, "the prima facie case implicates both the merits of the claim and the court's jurisdiction because of the doctrine of sovereign immunity." *Id.* at 635-36. "For a plaintiff who proceeds along the *McDonnell Douglas* burden-shifting framework, the prima facie case is the necessary first step to bringing a discrimination claim under the TCHRA." *Id.* at 637. If the plaintiff fails to demonstrate those elements, he does not get the presumption of discrimination and never proves his claim. *Id.* As a result, the trial court has no jurisdiction and

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

the claim should be dismissed. *Mission Consolidated*, 372 S.W.3d at 637.

TxDOT moved for summary judgment and dismissal of the suit on the ground that Flores could not establish a prima facie case of age discrimination because TxDOT filled the vacant position with an older employee. In its motion for summary judgment, TxDOT clearly challenged the existence of this element of the *prima facie* case, and it sought dismissal of the suit. While it did not explicitly state its motion in terms of a jurisdictional challenge or use the words "sovereign immunity," the trial court would have been required to grant the motion for summary judgment and dismiss the case for lack of jurisdiction if it found that Flores failed to raise a fact question on the issue of discriminatory intent. *See Mission Consolidated*, 372 S.W.3d at 642-43. Under these facts, TxDOT's motion for summary judgment is a jurisdictional challenge for purposes of Section 51.014(a)(8) and (c). To hold otherwise would elevate form over substance.

The remaining question is whether TxDOT "requested submission or hearing" of its motion for summary judgment by the deadline, November 11, 2014. Absent evidence that it did so, TxDOT is not entitled to the automatic stay, and mandamus relief must be denied. TxDOT claims that it requested a hearing by the deadline, but the trial court refused to set the motion for hearing unless the parties agreed to a setting. The mandamus record does not include any evidence to support this factual assertion. At the hearing on the motion to stay, counsel for TxDOT stated that she requested a hearing on the motion for summary judgment, but Flores would not agree to a setting in November 2014, and the trial court would not set it until Flores agreed. Counsel's statements at the hearing are not competent evidence. *See Bay Financial Savings Bank, FSB v. Brown*, 142 S.W.3d 586, 590 (Tex.App.--Texarkana 2004, no pet.). TxDOT also directs our attention to a Notice of Hearing filed on November 11, 2014, which

states that the parties agreed to attend a status conference on December 5, 2014. TxDOT claims that the purpose of this hearing was to determine when the trial court would hear TxDOT's motion for summary judgment, but the order does not state the purpose for the hearing, and we have found no evidence in the mandamus record supporting this factual statement other than an unsworn representation made by counsel at the hearing on the motion to stay. Finally, TxDOT asserts that Respondent stated during the December 5, 2014 status hearing that she would not set the motion for summary judgment for a hearing until Flores had the opportunity to conduct discovery, but there is no record of the hearing.

The mandamus record establishes that TxDOT filed its jurisdictional challenge within Section 51.014's deadline, but it has not shown that it requested a hearing on its summary judgment motion by the deadline. Consequently, TxDOT has failed to establish it is entitled to mandamus relief. The petition for writ of mandamus is denied.


October 14, 2016

                              YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.