

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00459-CV

Roberto **PEREZ-VEGA**, Ovidio C. Giberga Jr., Kimberly Giberga, Verl Coley, Jason K. Robison, Leah M. Hightower, Brendan Scott Baker, Whitney Lynn Baker, David J. Logsdon, Harriett D. Logsdon, Susann L. Perez Johnson, Kim Thuy Thi Tran, and Elizabeth Schumann, Appellants

v.

**DEERFIELD OWNERS ASSOCIATION, INC.**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-26200
Honorable Elizabeth Martinez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Adrian A. Spears II, Justice
                H. Todd McCray, Justice

Delivered and Filed: April 8, 2026

AFFIRMED

Roberto Perez-Vega and the other appellants[1] (collectively "Perez-Vega") reside in the

Deerfield subdivision. Appellee, the Deerfield Owner's Association, Inc., through its Board of

Directors, manages the subdivision's amenities. In 2023, the Board determined that certain

---

[1] The other appellants are Ovidio C. Giberga, Jr., Kimberly Giberga, Verl Coley, Jason K. Robison, Leah M. Hightower, Brendan Scott Baker, Whitney Lynn Baker, David J. Logsdon, Harriett D. Logsdon, Susann L. Perez Johnson, Kim Thuy Thi Tran, and Elizbeth Schumann.

undeveloped lots, commonly known as "Thrush Ridge Park," were "non-common area lots" that the Association could, in accordance with the Association's articles and bylaws, sell to pay for improvements to the subdivision's recreation facilities. Perez-Vega disputes the Board's determination, and he filed suit for equitable, declaratory, and injunctive relief. The trial court signed a temporary injunction order that prevents the Association from selling the Park.

Thereafter, the Association began an election of all homeowners to amend its Declaration of Covenants, Conditions and Restrictions to expressly permit the sale of the Park. Perez-Vega sought to enjoin this election, contending that it was an attempt to circumvent the earlier temporary injunction order. The trial court, presided over by a different trial judge,[2] held an evidentiary hearing wherein no sworn testimony was taken but four exhibits were admitted by agreement. The trial court denied Perez-Vega's request for a temporary injunction. Perez-Vega timely appeals, raising two issues.

As a threshold matter, we note that although the trial court admitted four exhibits at the temporary injunction hearing concerning the Association's election, the reporter's record from that hearing contains no exhibits. The Association's brief highlights this deficiency, stating:

> As a caveat concerning Appellants' Statement of Facts and certain of their record references therein, [the Association] would point out that the portion of the Clerk's Record from pages 98 through 179 consists of Plaintiffs' Motion for Partial Summary Judgment, which was filed on July 16, 2025 – the same day Appellants perfected their appeal of the trial court's interlocutory order. Thus, neither that motion (which Plaintiffs/Appellants lost, per the trial court's docket entry of August 5, 2025) (Appendix I) nor most of the documents attached thereto were considered by the trial court in entering its June 27, 2025 order denying Appellants' request for a temporary injunction. The April 25, 2025 hearing on the injunction included four documentary exhibits, but Appellants have not brought those forward in the Reporter's Record.

---

[2] *See Hjella v. Red McCombs Motors, Ltd.,* No. 04-20-00359-CV, 2022 WL 789501, at *1 (Tex. App.—San Antonio Mar. 16, 2022, pet. denied) (mem. op.) (recognizing that under the presiding court central docket system used in Bexar County, different district court judges preside over discrete motions).

Perez-Vega's reply brief fails to address the record deficiency that the Association's brief highlights.

"No temporary injunction may issue unless the applicant offers competent evidence in support of his or her application to the trial court at the hearing on the temporary injunction . . . ." *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 589–90 (Tex. App.—Texarkana 2004, no pet.). In this case, we cannot determine whether the trial court abused its discretion in denying Perez-Vega's application for a temporary injunction order because the reporter's record before us contains no evidence. *See Prappas v. Entezami*, No. 04-05-00886-CV, 2006 WL 704426, at *2 (Tex. App.—San Antonio Mar. 22, 2006, no pet.) (mem. op.) ("In this case, because we lack a reporter's record, it appears the only evidence before the trial court was appellee's verified application, which, standing alone, is not sufficient to support the temporary injunction."). Accordingly, Perez-Vega's two issues are overruled.

We affirm the trial court's order denying Perez-Vega's application for a second temporary injunction order.

Rebeca C. Martinez, Chief Justice